CASE 40.—SUIT BY THE COMMONWEALTH FOR THE USE OF THE CITY OF LOUISVILLE AGAINST HUNTER ROSS AND OTHERS FOR AN ACCOUNTING.—November 5, 1909.

## Commonwealth, for City of Louisville v. Ross, &c.

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

SAMUEL B. KIRBY, Judge.

Judgment for defendants, plaintiff appeals—Reversed.

1.  Statutes—Construction—Existence of Ambiguity.—The doctrine of practical construction cannot be applied unless the language of the statute is so ambiguous as to leave the judicial mind in doubt.

2.  Statutes—Construction—Aid from Other Statutes.—To aid the construction of a statute as to when a bond recorder in a city should account, the court may look to all other statutes relating to public officers receiving public revenue for which they are required to account.

3. Municipal Corporations—Bond Recorders—Fees—Accounting —Statutes.—Ky. St. Sec. 2947, authorizes the appointment of a bond recorder in a city of the first class by circuit court judges for a term of four years; qualifications, oath and bond to be required as required of county clerks, compensation to be the same as allowed to justices of the peace in trials for breach of the peace, to be paid by the party to whom the services are rendered, two deputies to be appointed to be paid out of the fees collected, a record of bonds to be kept by him, and all moneys received over $4,000, exclusive of the deputy's salary, to be paid to the city treasury. Held, that since all other statutes relating to officers receiving public revenue required an accounting of moneys collected at least once a year, and the recorder's fees and expenses are on an annual basis, the bond recorder must make at least annual settlements with such officials as the city shall designate, keep an accurate record of all amounts collected by him, and, when he is shown to have collected enough to pay his salary and his deputies and other legal expenses for the current year, he must account to the city for the balance every month, if so desired by the city.

4 Statutes—Contemporaneous Construction—When Allowable.— Contemporaneous construction will not be allowed where to apply it will override a fixed legislative purpose.

5. Municipal Corporations—Bond Recorders—Compensation— Statutes.—Such section of the statute imports that the bond recorder is to receive $4,000 a year, and $1,000 a year for each deputy actually employed, not exceeding two.

JAS. BREATHITT, Attorney General, C. B. BLAKEY and J. M. CHILTON for appellant.

KOHN, BAIRD, SLOSS & KOHN, ARTHUR B. BENSINGER and FAIRLEIGH, STRAUS & FAIRLEIGH for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

This suit was instituted against appellees, Joseph Hunter Ross and his surety upon the former's bond as bond recorder for the city of Louisville, for an accounting by Ross of the fees collected by him during his term, and for judgment for balance in his hands. Ross was elected to his office in December of 1905, for

a term of four years, and on December 2, 1905, executed the bond and entered upon the discharge of his official duties. The petition charges: That in the month of December, 1905, he collected as fees for accepting and recording appearance and peace bonds, at $2 for each bond, $430. That during the year ending December 31, 1906, he likewise collected as fees, $6,330; for the year ending December 31, 1907, $8,050; for the year ending December 31, 1908, $9,663; and for taking other bonds in criminal proceedings (in the Jefferson circuit court), $1,619, during the three years and one month named. That he had upon demand by the city of Louisville for an accounting refused to account or pay over to the city any of these sums, or any part of them, but had taken his records from his office and concealed them, refusing to allow the city's authorities access to them. That he had collected large sums in addition as fees, which the plaintiffs were unable to state because of his conduct in secreting his records. The prayer was for a judgment for the sums stated, less his salary and deputies' salaries, and for a reference to the commissioner of the court to ascertain the further amount collected by him as fees, and for a full accounting by him. Interest at 6 per cent. per annum and penalties of 20 per cent. on the sums due the city at the end of each settlement period were also sought.

The statute under which appellee Ross was elected, which governs in fixing the times of settlement and payment by him, as well as fixes his salary, is section 2947, Carroll's Ky. St., a part of the act of 1893, governing cities of the first class, and is as follows: "There shall be appointed by a majority of the judges of the circuit court having jurisdiction in said cities, a bond recorder for said cities. He

shall be appointed for a term of four years, and shall have the qualifications, take the oath, and give the bond required of the county clerks, and he shall be subject to the same fines and penalties to which they are subject and for neglect and violation of his duty he may be prosecuted, punished, or removed, in the same manner in which said clerks may be prosecuted, punished, or removed.

The bond furnished by said recorder, and the requisite surety thereon, must be approved by said judges. Said bond recorder shall have exclusive right to take all bonds required by law to be taken or given by persons arrested in the city in and for which he is appointed, for their appearance before the proper tribunal; also all bonds or recognizances required by law to be taken or given by or in the police court of said city; and no person in custody shall be released therefrom, before trial, unless bond be first given as herein required. Said bond recorder shall be allowed for his services the same compensation as now allowed by law to justices of the peace in trials for breach of peace, to be paid by the party for whom the services are rendered. He may appoint two deputies, and the salary of each of said deputies shall be $1,000.00 per annum, and shall be paid from the fees collected by the said bond recorder. Said deputies shall give bond the same as the recorder, and he is hereby given power to administer oaths to parties offering as sureties on bonds, and for all purposes necessary for the proper conduct of his office, to carry into effect the provisions of this act, and enable him to properly execute his duty.

And no officer or other persons shall have power to take any bond or administer any oath herein mentioned, except said recorder. Said bond recorder

shall keep a record of all the bonds taken by himself or his deputy, showing the date, amount of bail, the name of defendant, and the charge under which the arrest was made; and all money received by the bond recorder, over and above the amount of four thousand dollars, exclusive of the deputy's salary, shall be paid into the treasury of the city for which the recorder is appointed. Said recorder, or one of his deputies shall be in the office at all hours, for the purpose of taking bonds. All bond and affidavits shall be returned within twenty-four hours to the proper tribunal. In continued cases, the bond recorder may require a memorandum from the clerk of the court, showing the charge, amount of bail, and date of continuance.''

The defense to this suit is that it was brought prematurely. The answer is styled a ''plea in abatement.'' It assumes, as the proper construction of the foregoing statute that the bond recorder of the city of Louisville is not required to settle his accounts, or to pay over to the city any balance in his hands from the fees of his office, except at the end of his term. The chancellor, in an opinion delivered in overruling a general demurrer to the petition, indicated that, reading the statute alone, he could not say that the time of settlement and payment was at the end of the term, but, evidently in response to argument, that the statute was ambiguous on that point, and if the officers of the city had, by a practical contemporaneous construction during the 15 years since its enactment, construed it so, that was a fact to be pleaded. Thereupon the defendants filed their answer, or plea in abatement, in which they asserted that such had been the practical contemporaneous construction by the city officials, and of ap-

pellee Ross and his predecessors in office. A demurrer to this answer was overruled. The city declined to plead further; and its petition was dismissed. This appeal is prosecuted from that judgment.

Before the doctrine of practical contemporaneous construction can be applied to the interpretation of a statute, the language of the enactment must be so ambiguous as to leave the judicial mind in doubt as to the legislative purpose. The statute in question deals with the duties and compensation of a collector of public revenues. By the terms of the section he is placed on the plane of county court clerks —public officials who are paid out of the fees of their offices, and whose duties include the collection of public moneys. Turning to the statute bearing on the duty and liabilities of county court clerks when their duties are analogous to those to be performed by the bond recorder, we find that by section 4242, Ky. St., county court clerks are required on the first day of each circuit court to make out and file with the court an account showing all public money received by them, and pay it over to the trustees of the jury fund on the order of the court. By sec. 4248, a failure is penalized by a fine of from $200 to $300. Section 4255 requires the clerks to keep a well-bound book in their offices showing all money received by them for the commonwealth. Sec. 1761 requires county court clerks in all counties having a population of 75,000 or more to pay over to the auditor of public accounts on the first of each month the money due the state from them, and to file a statement showing the amount due. Every officer who collects or holds money for the state or county is required to make frequent settlements—none less often than once a year

—and to then, or oftener, pay over the public funds in their hands.

The State Auditor and Treasurer are required to have their accounts examined monthly (sec. 4630); the sheriff is required to settle annually (sec. 4143, Ky. Stat.); county court clerks and circuit clerks monthly (sec. 1761). The jailers are required to pay over monthly (sec. 1773); the clerk of the Court of Appeals and the assessor in counties having population of 75,000 or over, in January of each year; sheriffs, clerks, county judges, police judges, constables, justices of the peace, marshals, and other officers authorized to receive money due the commonwealth are required to report on the first day of each circuit court (three times a year). Section 4252, Ky. Stat. It appears the bond recorder collects money, which is due the city, amounting to $5,000 or more annually. The settled policy of the state is to require frequent settlements of all of its collecting officers. These various statutes may be looked to to ascertain the legislative purpose in the statute under examination, as to when the recorder should settle his accounts. The allusion in the statute to the duties and liabilities of county court clerks clearly meant to embody those provisions so far as applicable to the bond recorder. While the reports to and settlements with the same officers are not, of course, required, settlements with the proper officials of the city are as clearly indicated by the allusion; but his fees and office expenses are to be deducted from his collections. They are based upon an annual basis. It cannot be known before the expiration of the year, possibly, whether anything would be due from the office, as it is possible that for

the first 11 months not enough would be collected to defray its expenses.

From the scope of the section, and its allusions to other statutes, so far as applicable, we think the proper construction is: That the bond recorder must make at least annual settlements with such officials as the city council may designate; that he must keep an accurate record at all times in the book in his office, which shall be a public record, of the amounts collected by him; that when he is shown to have collected as much as will pay his salary, and his deputies', and other legal expenses for the current year, the balance is due to the city, and may be required to be paid over each 30 days if the city council so demands; but that, until there is a demand and a failure to settle and pay, there is not a default, and no penalty could be attached till after such demand and default.

The plea of contemporaneous construction, one always of last resort, at least always deferred as a source of information until the interpretation put upon the language by the Legislature itself is applied, if it has given such interpretation, cannot avail in this case. To allow it would be to override the fixed legislative purpose, as indicated by a great number of provisions, applicable to every class of collecting officers, by a kind of sufferance of administrative officials. It is not probable—there is no reason for supposing it likely—that the Legislature intended to make an exception of this official and to allow him to hold in his hands many thousands of the public dues for four years, while the public was being taxed to pay indebtedness to which the fees on hand were applicable. Something more

Commonwealth, for City of Louisville v. Ross, &c.

than mere passivity of the city officials, and of the course pursued by the predecessors in the office of the recorder, must concur to authorize the courts to adopt that construction as the one the Legislature intended.

As to the compensation of the bond recorder, we think that the language of the section imports that he is to receive $4,000 a year, and $1,000 a year for each deputy actually employed, not exceeding two.

The case should have been referred to the commissioner to ascertain the true amount due by the bond recorder for each year of his term, and the judgment should be for the balance found due each year after deducting the salaries alluded to, plus 6 per cent. per annum interest on each balance.

Reversed and remanded for proceedings consistent herewith.