CASE 23.—ACTION BETWEEN A. L. YORK AND J. HUNTER ROSS.—June 17, 1910.

## York v. Ross.

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

SHACKELFORD MILLER, Judge.

Judgment for Ross, and York appeals.—Affirmed.

1.  Municipal Corporations—Legislative Control—Appointment of Officers.—A statute providing for the appointment by the circuit judges having jurisdiction in cities of the first class of a bond recorder for such cities, who shall possess the qualifications of county clerks and be subject to the laws regulating them, and who shall have the exclusive right to take appearance bonds of persons arrested in the city, for which he is appointed, does not provide for an officer of cities of the first class but creates an office of the state for the discharge of duties having no relation to the city government, and the statute is not invalid because it provides for his appointment by the circuit judges.

2.  Justices of the Peace—Fees—Statutes.—A statute modifying the act providing for fees of justices of the peace containing the words "For presiding at trial for breach of the peace, $2," by inserting in lieu of the quoted clause the words, "For presiding at final trial in misdemeanor cases, $2," does not change the law, and a justice of the peace is entitled to $2 for presiding at the trial of a breach of the peace which is a misdemeanor.

3. Statutes—Amendment of Amended Act.—A statute amending
the justices' act and creating the office of bond recorder in
cities of the first class, providing that the bond recorder shall
have the exclusive right to take appearance bonds of persons
arrested in the city for which he is appointed and shall re-
ceive the same compensation "as now allowed by law to
justices of the peace in trials for breach of the peace," en-
acted after the Legislature had modified the act providing
for fees of justices of the peace by fixing a fee of $2 for pre-
siding at final trial in misdemeanor cases, instead of a fee
of $2 for presiding at trial for breach of the peace is effective
to fix the fees of the bond recorder at $2 for each bond taken
by him.

4. Statutes—Special Laws—Classification of Cities—Fees—Stat-
utes—Validity.—A statute, creating the office of bond
recorder in cities of the first class, authorizing the bond re-
corder to take the appearance bond of any person arrested in
the city in which he is appointed, and charge $2 therefor, and
requiring him to keep a record of bonds taken and to keep
his office open at all hours to take bonds, is not in conflict
with the Constitution merely because the fee fixed for taking
bonds in cities of the first class is different from the fee fixed
for similar service in other parts of the state, because the
classification is reasonable.

5. Constitutional Law— Statutes— Validity— Legislative Ques-
tions.—The questions as to how the criminal laws may be
best executed and as to how a criminal may be best detected
and punished are within the discretion of the Legislature,
and the courts will not determine the wisdom of the means
provided.

JOS. E. CONKLING and N. H. DOSKER for appellant.

CARROLL & MIDDLETON and CHESLEY H. SEARCY for ap-
pellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirm-
ing.

This appeal questions the constitutionality of the
statute creating the office of bond recorder in cities
of the first class, and the right of the bond recorder
to charge the sum of two dollars for taking each bail
bond. The statute is in these words: "There shall

be appointed by a majority of the judges of the circuit court having jurisdiction in said cities, a bond recorder for said cities. He shall be appointed for the term of four years, and shall have the qualifications, take the oath, and give the bond required of county clerks, and he shall be subject to the same fines and penalties to which they are subject; and for neglect and violation of his duty he may be prosecuted, punished or removed, in the same manner in which said clerks may be prosecuted, punished, or removed. The bond furnished by said recorder, and the requisite surety thereon, must be approved by said judges. Said bond recorder shall have exclusive right to take all bonds required by law to be taken or given by persons arrested in the city in and for which he is appointed, for their appearance before the proper tribunal; also all bonds or recognizances required by law to be taken or given by or in the police court of said city; and no person in custody shall be released therefrom, before trial, unless bond be first given as herein required. Said bond recorder shall be allowed for his services the same compensation as now allowed by law to justices of the peace in trials for breach of peace, to be paid by the party for whom the services are rendered. He may appoint two deputies, and the salary of each of said deputies shall be one thousand dollars per annum, and shall be paid from the fees collected by the said bond recorder. Said deputies shall give bond the same as recorder, and he is hereby given power to administer oaths to parties offering as sureties on bonds, and for all purposes necessary for the proper conduct of his office, to carry into effect the provisions of this act, and enable him to properly execute his duty. And no officer or other person shall have power to take any bond

or administer any oath herein mentioned, except said recorder. Said bond recorder shall keep a record of all bonds taken by himself or deputy, showing the date, amount of bail, the name of defendant, and the charge under which arrest was made; and all money received by said bond recorder, over and above the amount of four thousand dollars, exclusive of the deputy's salary, shall be paid into the treasury of the city for which the recorder is appointed. Said recorder, or one of his deputies, shall be in his office at all hours for the purpose of taking bonds. All bonds and affidavits shall be returned within twenty-four hours to the proper tribunal. In continued cases, the bond recorder may require a memorandum from the clerk of the court, showing the charge, amount of bail, and date of continuance.''

It is insisted that the bond recorder is an officer of the city, and that the Legislature could not, under the Constitution, provide for his election by the judges of the circuit court who are not officers of the city. But it will be observed that the statute requires that the bond recorder shall have the qualifications required of county clerks. It will also be observed that, by the statute, he is required to perform duties which have no relation to the city government. Although he is styled in the act ''a bond recorder for said cities,'' the qualifications prescribed for the office and the duties required of him are not those of a city officer. The county clerk may reside anywhere in Jefferson county. He must possess qualifications not required of a city officer. The bond recorder is eligible to his office although he might not be eligible as a city officer under section 2745 of the Kentucky Statutes (Russell's St. sec. 535). He cannot be removed as a city officer under section 2781 (section

569), but may be only removed as the county clerk may be removed. In Police Commissioners v. City of Louisville, 3 Bush, 597, the court, having before it a similar question said: "The constitutional provision above quoted undoubtedly applies alone to town or city officers, and when the officer whose election is prescribed by law is not strictly a town or city officer, this section has no application thereto, nor is the residence within the town or city limits essential for any other than strictly town or city officers, under section 11, article 8, of the Constitution. Therefore, the controlling inquiry is whether these commissioners and policemen are really and strictly city officers only. * * * But it is said they are so designated eo nomine in sections 8 and 9 of said statute because it is there said the officers of the police of said city shall be as follows. This reference, however, was only by way of designation to specify the body for which said officers therein created were being made, after which follows the number, time elected, and duties of said officers. An imperfect or inaccurate description can by no means take from those policemen either their jurisdiction or character." The bond recorder must take all bonds for persons held to bail in the Jefferson circuit court, which is not a part of the city government, and he must also take bonds of persons arrested in Louisville on warrants from other courts of the commonwealth. He is not, a city officer, but is an officer of the state, created by the Legislature for the discharge of duties having in large measure no relation to the city government. It was competent, therefore, for the Legislature, in creating the office, to provide for the appointment of the officer by the judges of the circuit court.

It is also contended that the bond recorder is not allowed by the statute to charge $2 for taking a bail bond, and, if the statute does authorize the charge, it is unconstitutional. It will be observed that the statute provides that the bond recorder shall be allowed for his services the same compensation as now allowed by law to justices of the peace in trials for breach of the peace. The statute in force when this act was introduced in the General Assembly and when it was passed by the house in which it originated, in providing for the fees of justices of the peace, contained these words: "For presiding at trial for breach of the peace, two dollars." While the act was pending, the fee statute was re-enacted, and in the re-enactment the provision which we have quoted was changed so as to read as follows: "For presiding at final trial in misdemeanor cases, two dollars." This did not change the law as it was before; it merely changed its phraseology. A breach of the peace is a misdemeanor, and the magistrate was still entitled to $2 for presiding at the trial of a breach of the peace. When, therefore, the Legislature provided that the bond recorder should be allowed for his services in taking bonds the same compensation as now allowed by law to justices of the peace in trials for breach of the peace, it in substance provided that he should be allowed $2, as that was the sum allowed by law to justices of the peace in trials for breach of the peace. It is earnestly insisted that the statute should be construed as though it read that the bond recorder shall be allowed for his services the same compensation as now allowed by law to justices of the peace for taking bonds in trials for breach of the peace. But that is not a fair construction of the language of the statute. The statute al-

lowed justices of the peace $2 for presiding at the trial for breach of the peace. The taking of a bond is no part of a trial. If a justice of the peace took a bond at the trial, he would be entitled to the fee for taking it in addition to the $2 allowed him for presiding at the trial. The act must be construed according to the natural meaning of the words used; and in view of the provision of the statute at the time, it is clear that the act means that the bond recorder is to have the same fee that was allowed by law to justices of the peace at a trial for breach of the peace.

It is further earnestly insisted that the Legislature could not, under the Constitution, allow a bond recorder two dollars in Louisville for taking a bond, when the fee for that service in other parts of the state is different. We have held that fees must be uniform throughout the state; that a commissioner in Louisville must charge the same fees as commissioners elsewhere. The same rule has been applied in the case of assessors, and it also applies in the case of clerks. But that is not this case. The bond recorder is not a justice of the peace. He is an officer created by the General Assembly to perform certain duties in centers of population which the Legislature thought necessary there and did not deem necessary elsewhere in the state. The Legislature is clothed by the Constitution with power to create such inferior offices as it deems necessary, and to define their powers and compensation. The bond recorder holds, not only a distinct office, but he discharges duties not required of other officers. He is empowered by the act to appoint two deputies. They are required to give bond. He is required to keep a record of all bonds taken by him or his deputies, showing the date, the amount of bail, the name of

the defendant, and the charge under which the arrest was made, and all money received by him, over and above a certain sum is to be paid into the city treasury. He is required, by himself or deputy, to be at his office at all hours for the purpose of taking bonds. Justices of the peace are not required to. be at their offices at all hours. They are not required to keep a record such as is required to be kept by the bond recorder. They cannot appoint a deputy. The duties required of the bond recorder are so different from the duties required of a justice of the peace in taking a bond that the basis of the classification is at once reasonable.

The purpose of the Legislature is not difficult to see. In large cities many arrests are made at night after judicial officers have gone to bed. The purpose of the act was to provide a means whereby such persons need not be locked up, but might be enabled to give bond at night. In large cities the criminal class is larger proportionately than in rural communities. They are more difficult to locate, and it is important that the police have a record to which they can go and identify old offenders. Bonds may be lost if taken in the usual way, but the scheme provided by the statute provides against this. So it is that the bond recorder is required to keep the record provided for in the statute. And this record is kept, not for the city alone, but for the state as well. How the criminal laws may be best executed, and how the criminal may be best detected and punished, are subjects within the discretion of the Legislature. It is not within our province to sit in judgment upon the wisdom of the means which the Legislature has provided. If the act is within their province, and is based upon a reasonable classification, we cannot say that it is unconstitutional.

Judgment affirmed.