## Commonwealth and Board of Prison Commissioners, et al. v. Crumbaugh, Police Judge of the City of Eddyville.

(Decided September 26, 1917.)

1. Pardon—Parole of Convict—Rearrest—Board of Prisons.—A convict who has been paroled by the Board of Prison Commissioners remains subject to the board's control; and if he violates the parole may be rearrested and placed again in prison. While at liberty under the parole he is subject to the control of the board as he was before the parole was granted.

2. Pardon—Parole of Convict—Rearrest—Remedy of Convict.—A convict who has been paroled and has subsequently been rearrested under a warrant by the Board of Prison Commissioners for a violation of his parole, is not illegally detained in custody, and the writ of habeas corpus cannot be used to effect his release from custody. If the board should in any case abuse its authority in rearresting a convict, the remedy is by a proceeding, brought by the convict in the circuit court of the proper county, to obtain a mandamus or injunction requiring the board to proceed properly; and in such proceeding the facts may all be shown and either party aggrieved by the decision may prosecute an appeal therefrom to the Court of Appeals.

3. Habeas Corpus—Appeal and Error.—No appeal lies from an order made on a writ of habeas corpus, and if such a proceeding as the one complained of in this case could be maintained, the authority of the board would be destroyed, and it would be powerless to perform its duties as required by the statute.

4. Prohibition—Writ of—Constitutional Law.—Under section 110 of the constitution this court has power to issue such writs as may be necessary to give it a general control of inferior jurisdictions; and it may issue a writ of prohibition to restrain an inferior court from proceeding out of its jurisdiction, or where it has jurisdiction, but an appeal will not furnish an adequate remedy, or there is no other remedy.

CHARLES H. MORRIS, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for petitioners.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Granting writ of prohibition.

This case is before us upon petition of the Commonwealth of Kentucky, Board of Prison Commissioners and warden of the State Reformatory at Eddyville, praying a writ of prohibition against the respondent, W. L. Crumbaugh, police judge of the city of Eddyville, to prevent him from further proceeding upon a writ of habeas corpus issued by him at the instance of John Wells, a former paroled convict, to compel John B. Chilton, warden of the State Reformatory at Eddyville, to produce before him the body of Wells that he may inquire into the cause and legality of his detention in the reformatory. A temporary restraining order was heretofore entered as prayed and the case is now submitted to the court for final judgment.

It appears from the record before us that in September, 1905, John Wells was indicted for, tried, and, by verdict of a jury, convicted of murder in the Livingston circuit court, and his punishment fixed at confinement in the penitenitary for life, following which he was, in pursuance of the judgment and sentence of that court, confined in the State Reformatory at Eddyville until September 22, 1915, at which time the Board of Prison Commissioners granted and issued to him a parole. Among the rules and regulations adopted by the Board of Prison Commissioners is one requiring a paroled convict to report at stated intervals to the board and warden, showing whether he is engaged in any regular employment and giving the place of his residence. It is not denied by Wells or anyone for him that he wholly failed to comply with this rule. At the November term, 1915, of the Daviess circuit court Wells, while still on parole, was jointly indicted with another for the crime of robbery, but succeeded in evading arrest at the hands of the officers of the court, and, so far as the record before us appears, was never in the custody of the court under the indictment for robbery; but on account of his failure to comply with the above rule and regulation of the Board of Prison Commissioners as well as because of his indictment for the robbery mentioned, the board made and entered an order forfeiting the parole of Wells and issued a warrant of arrest for him, and for his return to and confinement in the Eddyville Reformatory, from which he had been paroled. His arrest under this war-

rant was effected March 19, 1916, and he was then delivered by order of the board to the warden of the reformatory, where he has since been confined. At the May term, 1916, of the Daviess circuit court, as appears from a copy of an order found in the record, the indictment against Wells in that court for robbery was dismissed by the Commonwealth's attorney, following the filing of a written statement by him, but as the record does not contain a copy of the written statement thus filed, and the order of the court disposing of the indictment does not indicate upon what ground it was stricken from the docket, we are not advised whether it was dismissed because of the inability of the Commonwealth to establish his guilt or because of his reincarceration in the reformatory, resulting from the violation of his parole.

The only grounds of resistance presented by the response of the police judge to the granting of the writ of prohibition asked by the petitioners are: First, that the Board of Prison Commissioners in determining without a judicial hearing that Wells had violated his parole and causing his arrest and reincarceration in the reformatory, exercised arbitrary power not conferred by the law; second, that Wells had a constitutional right to demand and respondent to issue in his behalf, the writ of habeas corpus for the purpose of inquiring into the cause of his reincarceration in the reformatory and determining whether he was thereby illegally deprived of his liberty.

In Board of Prison Commissioners v. Crumbaugh, Police Judge, 161 Ky. 540, the identical question here involved was decided by us after a full consideration thereof by the whole court; the respondent in that case being the respondent in this and the facts substantially the same. We then held that a paroled convict is in the control of the Board of Prison Commissioners after the granting of his parole and may be arrested on a warrant and placed again in prison for a violation of his parole; and when so placed again in prison he cannot be released on a writ of habeas corpus. In the opinion it is, in part, said:

"Under section 110 of the constitution this court has power to issue such writs as may be necessary to give it a general control of inferior jurisdictions, and it is well settled that a writ of prohibition may issue in a case like this whenever the inferior court is proceeding out of its

jurisdiction, or where it has jurisdiction, but an appeal will not furnish an adequate remedy or there is no other remedy. (Clark v. Warner, 116 Ky. 801; Renshaw v. Cook, 129 Ky. 347; Rush v. Denhardt, 138 Ky. 238; I. C. R. R. Co. v. Rice, 154 Ky. 198.)".

A prisoner who has been paroled by the board remains subject to its control, and if he violates the parole may be rearrested and placed again in prison. While at liberty under the parole he is subject to the control of the board as he was before the parole was granted. (George v. Lillard, 106 Ky. 824; Board of Prison Commissioners v. Morse, 157 Ky. 289.)

The prisoner who has been paroled and has subsequently been rearrested under a warrant by the board is not illegally detained in custody. The writ of habeas corpus may be used to release from custody persons who are held in custody illegally; but under this summary process, the officer issuing it in the case of a paroled convict rearrested upon the order of the board, cannot go behind the order of the board, for the board has authority by law to issue the warrant, and the detention of persons under the warrant is not without authority of the law. There is nothing in the record before us to indicate that the board abused its authority; on the contrary the facts shown not only warrant, but require the action taken by the board. If the board should in any case abuse its authority in rearresting a convict, the remedy is by a proceeding in the circuit court requiring the board to proceed properly, and in that judicial proceeding the facts may all be shown, and either party aggrieved by the decision may appeal to this court. On the other hand, no appeal lies from an order made on a writ of habeas corpus, and if such a proceeding as the one complained of here could be maintained, the authority of the board would be destroyed, and it would be powerless to perform its duties as required by the statute."

The granting of the writ of prohibition restraining the respondent from further proceeding under the writ of habeas corpus will not, as insisted by him, violate the constitution of the state or leave the paroled convict without remedy. If the acts of the Board of Prison Commissioners in causing the arrest and re-confinement of Wells in the reformatory constitute an abuse of authority, the remedy is clearly pointed out in the opinion of the case, *supra*. That is, he may by a proceeding in the circuit court of the proper county obtain a mandamus

or injunction requiring the board to respect his rights, and, if aggrieved by the judgment of the circuit court, that judgment may on his appeal be reviewed by this court.

Manifestly, the opinion in the case, *supra,* must control the decision of this case, and as its language is too clear and convincing to leave any doubt of its meaning we are at a loss to understand why the respondent, who was also a party to that proceeding, should have attempted to do in this case what the opinion of this court in that case declared he was without authority to do, and its writ prohibited him from doing.

As, in substance, said in Rist v. Commonwealth, 159 Ky. 753, the Court of Appeals being the court of last resort in this state, its decision in any given case is the law, not only of that case, but of all others subsequently arising in the inferior courts of the state which involve substantially a like question of law and fact; and this is true whether the decision of the appellate court does or does not declare the law in conformity to the view held on the question involved by the judge of the inferior court. So, where the law with respect to any question or state of case has been finally settled, as has been the question here involved, by this court, it is but a waste of the time of the court and an obstruction to the rights of other litigants to compel it to entertain further proceedings involving the same question. Obedience on the part of the respondent to the previous decision of this court in the case involving the identical question here raised, and to which he was a party, would have rendered unnecessary the present proceeding.

For the reasons indicated the response is held insufficient, and a final writ will be issued as prayed in the petition, prohibiting the respondent as police judge from further proceeding with the writ of habeas corpus, granted at the instance of John Wells.