## Buechel, Bond Recorder v. Field, Judge.

(Decided February 29, 1924.)

### Appeal from Jefferson Circuit Court.

1. Prohibition—Court of Appeals May Issue Writ to Prevent Injustice.—The court of appeals has the power, and it is its duty, under Const. section 110, to issue a writ of prohibition to prevent action by circuit court in a matter within its jurisdiction, where there is no other remedy, and it also plainly appears that great injustice or irreparable injury will ensue from the decision of the lower court if the writ is denied.

2. Bail—Statute Requiring Fee Held Not in Violation of Constitution.—Ky. Stats., section 2947, allowing a bond recorder to charge fees for passing upon the sufficiency of the sureties and in taking a bail bond, does not violate Constitution section 16, providing that all persons shall be bailable by sufficient sureties.

3. Prohibition—Issued to Prevent Judge from Punishing for Contempt and from Requiring Refund of Fees.—Bond recorder in city of first class, was entitled to a writ of prohibition to prevent a judge of a circuit court from punishing him for contempt in collecting $2 for taking a bail bond and from requiring him to refund it, though the matter was within the jurisdiction of the circuit judge under Ky. Stats., section 1758, because prohibition was the only remedy, and great injustice or irreparable injury would ensue if denied.

JOSEPH E. CONKLING, SAMUEL B. KIRBY and ALLEN P. DODD for petitioner.

BERNARD B. BAILEY for respondent.

OPINION OF THE COURT BY JUDGE CLARKE—Granting writ of prohibition.

Section 2947 of the statutes, enacted in 1893, creates the office of bond recorder in cities of the first class, defines his duties, and provides that he "shall be allowed for his services (in taking bail bonds) the same compensation as now allowed by law to justices of the peace in trials for breach of peace, to be paid by the party for whom the services are rendered."

In York v. Ross, 139 Ky. 215, 129 S. W. 580, the constitutionality of the act, and the right of the recorder to charge $2.00 for taking each bail bond were attacked, but upheld.

By this action, the present bond recorder seeks a writ of prohibition from this court to prevent a judge of the Jefferson circuit court from punishing him for collecting $2.00 for taking a bail bond, and from requiring him to refund it.

The jurisdiction of this court to grant the relief is challenged upon the ground that the circuit judge is proceeding within his jurisdiction under section 1758 of the statutes.

But notwithstanding that fact, this court has the power, and it is its duty under section 110 of the Constitution, to issue the writ where there is no other remedy and it also plainly appears that great injustice or irreparable injury will ensue from the decision of the lower court if the writ is denied. Rallihan v. Gordon, Judge, 176 Ky. 471, 195 S. W. 783, and Commonwealth v. Crumbaugh, Police Judge, 176 Ky. 720, 197 S. W. 401, and many other cases therein cited.

Such unquestionably is petitioner's predicament, since he has no other remedy, and, unless the writ issues, he will not only be punished for collecting this fee and be required to repay it, but to avoid like consequences in thousands of like cases he must refund upon demand the fees collected therein, although their collection was approved in York v. Ross, *supra,* and even though he may have settled therefor with the city as required by the act as construed in Commonwealth v. Ross, 135 Ky. 315, 122 S. W. 161.

The lower court attempts to distinguish the York case upon the assumption that it only holds the act constitutional as written, and not as administered by petitioner in collecting the fees in advance. Such an assumption, however, is wholly unwarranted, since in that case as well as in this the fee was collected in advance, the only difference in the facts being that in that case it was admitted payment of the fee was exacted as a condition precedent to the acceptance of bail and release of the defendant from custody, whereas in this case it simply appears the fee was paid in advance.

Nor does that case simply construe the act and hold it valid as written, since the action was to recover the fee upon the ground that the act was unconstitutional and therefore did not authorize the exaction and collection of the fee. In holding the act valid and denying the right of recovery, the court necessarily held it constitu-

tional as administered and in precisely the same way it was administered here. Hence that case cannot be distinguished from this one upon any ground, but must either be followed or overruled.

The whole basis of the present attack upon the act is that the exaction of a fee in advance for the acceptance of a bail bond violates section 16 of the state constitution providing that: "All prisoners shall be bailable by sufficient securities, unless for capital offenses, when the proof is evident or the presumption great."

That this declaration is a limitation upon legislative power to prescribe the method and reasonable means of its enforcement, or a guaranty to prisoners not only that they shall have bail but without the payment of a reasonable fee to the officer for his services in passing upon the sufficiency of the sureties and in taking the bond, is certainly not so free from doubt as to warrant the confident assertion that we erred in holding the act constitutional in York v. Ross, *supra.*

That fact, and a reasonable regard for the rule of *stare decisis,* and the substantial considerations of public policy and private rights upon which it rests, are sufficient in our judgment to require that at this late date we follow, rather than overrule, our decision in the York case that the act as it has been administered now for more than thirty years is valid.

For the reasons indicated, the writ will be issued as prayed in the petition, prohibiting respondent as judge of the circuit court from further proceedings under the rule issued against appellant.

Whole court sitting.