**Earl F. ASHCRAFT, Appellant,**

v.

**Everett W. CURRIER, Jr., et al., Appellees.**

Supreme Court of Kentucky.

July 3, 1985.

Rehearing Denied Sept. 5, 1985.

Rufus Lisle, B.L. Kessinger, Jr., Stites & Harbison, Lexington, for appellant.

Michael R. Moloney, Margaret H. Kannensohn, Lexington, for Everett Currier.

Ann Z. Stewart, Frankfort, for Drexell Davis.

Kendall Robinson, Booneville, for Wayne Marshall, Clerk, Owsley County.

## OPINION OF THE COURT

This court granted transfer of this appeal from the Court of Appeals. The appeal is from a final judgment of the Franklin Circuit Court. That court was asked to, and did, enter an order enjoining the Secre-

tary of State, as Chairman, and the State Board of Elections from counting and tabulating votes cast at the 1984 General Election, for the office of District Judge of the 23rd Judicial District, and from certifying the election of any person as judge of such district.

The events that triggered the filing of this action are interesting, but have nothing to do with the ultimate decision. Suffice it to say, the incumbent judge of the 23rd Judicial District was removed from office by order of the Judicial Retirement and Removal Commission. On appeal to this Court, the order of the commission was sustained. A petition for rehearing was denied on August 1, 1984.

The only issue before the Court, is the date the office of Judge of the 23rd Judicial District became vacant.

The answer is important because the Kentucky Constitution Section 152 requires an election, if a vacancy occurs more than three months before the date of the general election. If the vacancy occurs less than three months before the general election, the office is filled by appointment.

The appellant argues the office became vacant on August 1, 1984, more than three months before the general election, while the appellees argue it became vacant August 10, 1984, which is less than three months. Acting on his belief there was a vacancy in the office, the appellant, Earl F. Ashcraft, filed his petition for candidacy for the office on August 28, 1984. Later, in September of 1984, the appellee, Everett W. Currier, Jr., was appointed by the Governor to fill the vacancy on that court.

Resolution of the question involves an interpretation of the various rules of this Court. The opinion of the circuit court was based on two Supreme Court Rules which provide in part.

"SCR 4.270 Commission orders shall become effective ten (10) days after service on the judge unless he appeals therefrom within that time.

SCR 4.290(1) To the extent applicable and not inconsistent with SCR–4, the Rules of Civil Procedure (CR) applicable to other types of proceedings shall apply to the judicial review of Commission orders by the Supreme Court."

Also coming into play is CR 76.30(2)(c) which reads in part as follows:

"In the event of a timely petition under Rule 76.32(i) if it is in the Supreme Court and is denied, the opinion becomes final immediately upon such denial, . . .".

The learned trial judge reasoned with the appellees, that SCR 4.270, when read in conjunction with SCR 4.290(1), takes precedence over the Rules of Civil Procedure, whenever an inconsistency arises. So being, it was then concluded that, when this Court denied the petition for rehearing, it in effect reinstated the Commission's order. No appeal having been taken, it was held the order became effective 10 days later, on August 10, 1984.

■■■ The intent and purpose of SCR 4.270 is to allow the judge enough time to prosecute an appeal to this Court. If he does not do so within a ten (10) day period, the Commission order becomes effective. On the other hand, if an appeal is taken within ten (10) days, the order is held in suspension, until the appellate process is concluded. There is no magical reprieve granted by the time period. Once an appeal has been taken the ten day hiatus loses any significance.

We find no inconsistency between SCR 4 and CR 76. Once an appeal is taken the effect of the order is suspended, until the matter is concluded by this Court. According to CR 76.30(2)(c) an opinion of this Court becomes final immediately upon denial of a petition for rehearing. At that time, the appealed commission order also becomes effective. It has been a final order all along. SCR 4.260.

A valiant attempt is made by the appellees to establish August 10, 1984 as the date the vacancy occurred. It is argued, that since no appeal was taken from the Supreme Court order denying a petition for rehearing, then the commission order should have become effective ten (10) days

later. That was the interpretation given, not only by the trial court, but by the Administrative Office of the Courts. It is argued that, at the very least, the rule of contemporaneous construction should indicate an ambiguity exists and demand an interpretation.

■ Contemporaneous construction is a useful tool, often employed where the judicial mind is in doubt as to the legislative purpose. *Commonwealth v. Ross*, 135 Ky. 315, 122 S.W. 161 (1909). But it has been held that the construction must have been continued for a long period, from a course of conduct and not from an isolated case. *Maysville Water Co. v. Stockton*, 221 Ky. 610, 299 S.W. 582 (1927); *Allphin v. Joseph E. Seagram & Sons*, Ky. 294 S.W.2d 515 (1956). The one time interpretation of the rule by the AOC is not of sufficient substance to place it in the classification of contemporaneous construction.

An even more compelling reason for not employing the doctrine of contemporaneous construction is, a court rule not a statute is the object of construction. The Court cannot indulge in the luxury of asking someone else what it meant when it wrote a rule. The court writes the rules, enforces the rules and bears sole responsibility to interpret the rules. It is the master of its own fate, and will continue in that position without extraneous assistance.

■ The appeal from the order of the Judicial Retirement and Removal Commission was affirmed by this Court on July 5, 1984. A petition for rehearing was denied by this Court on August 1, 1984, whereupon the opinion affirming the commission became final immediately. As of August 1, 1984, a vacancy occurred in the Office of the District Judge of the 23rd Judicial District.

The judgment of the Franklin Circuit Court is reversed, and the case is remanded for entry of an order consistent with this opinion.

GANT, LEIBSON, STEPHENSON, VANCE and WINTERSHEIMER, JJ., and SQUIRE N. WILLIAMS, Jr., Special Justice, concur.