RENDERED: SEPTEMBER 5, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0943-MR

JOSEPH HOLLAND                                               APPELLANT

v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 24-CI-00403

KENTUCKY PAROLE BOARD                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, COMBS, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Joseph Holland has appealed from the July 3, 2024, order of the Franklin Circuit Court dismissing as moot his declaratory judgment action against the Kentucky Parole Board (the Parole Board).  We affirm.

After being convicted of first-degree sexual abuse, the Parole Board released Holland on Sex Offender Post-Incarceration Supervision (SOPIS) on March 16, 2023.  He was subsequently arrested on August 21, 2023, for violating

the terms of his SOPIS.[1]  Holland, while represented by appointed counsel, received his probable cause hearing on September 7, 2023, (after which the Administrative Law Judge (ALJ) found probable cause) and his final hearing before a second ALJ on October 4, 2023.  At the conclusion of final hearing, the ALJ stated that she found by a preponderance of the evidence that Holland had violated the condition of his SOPIS and that she would issue a written decision.

On November 6, 2023, as the promised written decision had not been entered, Holland, through his appointed counsel, moved the Parole Board to dismiss the revocation proceedings and to return him to community supervision. Holland contended that the ALJ failed to issue a written decision within 21 days of the final revocation hearing pursuant to Kentucky Corrections Policies and Procedures (CPP) 27-19-01 (it had been 33 days since the final hearing at the time he filed the motion to dismiss).  He also contended that the Parole Board had not heard the case within 60 days of his being returned to state custody pursuant to Kentucky Revised Statutes (KRS) 439.440[2] (he had been incarcerated waiting for a decision by the Parole Board for 77 days at the time the motion was filed).  The

[1] The alleged violations included failing to complete treatment for substance abuse, having contact with a person under the age of 18, failing to report an electronic device with access to web browsing, email, and web content, and using a controlled substance (methamphetamine).

[2] "Any prisoner returned to state custody for violation of his or her release shall be heard by the board within sixty (60) days on the propriety of his or her rerelease."

Parole Board, he asserted, could not make a final decision until the ALJ had issued a written decision.

The ALJ entered a written ruling, dated November 3, 2023, memorializing the oral finding that Holland had violated the terms of his SOPIS by a preponderance of the evidence. After making findings related to the alleged violations, the ALJ detailed the mitigating evidence Holland submitted and specifically stated that "Holland testified admitting to the alleged violations." The ALJ referred the matter to the Parole Board for a final decision. Holland then filed an amended motion to dismiss, questioning why the written decision was not issued until four days after the ALJ signed it, and otherwise renewing his claims.

The Parole Board issued its final decision on November 16, 2023, finding by a preponderance of the evidence that Holland had violated the conditions of his SOPIS based upon the ALJ's findings of fact in the November 3, 2023, order, and revoking his SOPIS, and ordering him to serve out his SOPIS in the custody of the Department of Corrections. The Parole Board did not mention Holland's motion or amended motion to dismiss, or any of the issues raised in those motions.

Based upon the above, on April 16, 2024, Holland filed a complaint with the Franklin Circuit Court seeking declaratory and injunctive relief, raising the same issues as in his motion and amended motion to dismiss. Alternatively,

Holland stated that the circuit court had jurisdiction to hear his claim as a mandamus action. In his demand for relief, Holland sought a declaration that the Parole Board erred when it failed to dismiss the revocation proceedings due to these violations. He also sought injunctive relief directing the Parole Board to vacate its order revoking his SOPIS, dismiss the revocation proceedings, and reinstate his SOPIS.[3]

In lieu of filing an answer, the Parole Board filed a motion to dismiss the complaint pursuant to Kentucky Rules of Civil Procedure (CR) 12.02(f), arguing that the only proper remedy was a writ of mandamus directing the Parole Board to issue a belated decision. It argued, however, that if such a hearing or decision has already been provided, as was the case here, there is no relief to be granted, and dismissal is appropriate. The Parole Board pointed out that Holland had not alleged a due process violation and had admitted to the violations alleged in the notice; his complaint was solely based upon his allegation that the revocation decision was issued outside of regulatory and statutory deadlines. Any alleged lateness of the hearing or decision was moot, as the decision had been issued. In

---

[3] Holland mentioned in a footnote that the Supreme Court of Kentucky was considering two cases (*Hodge v. Kentucky Parole Bd.*, No. 2023-SC-0091-DG, and *Kentucky Parole Bd. v. Shane*, No. 2023-SC-0364-DG), that addressed whether the Parole Board's policy in delegating to an ALJ the task of conducting the final revocation hearing was appropriate. The Supreme Court heard oral argument in those cases on June 11, 2025. Although an ALJ conducted the final hearing in the present case, Holland did not raise that issue below, and he has not raised that issue on appeal.

-4-

addition, the Parole Board argued that KRS 439.440 only requires that the parolee be heard within 60 days from his return to custody; it does not require that the hearing process be completed in that time.

In response, Holland contended that a declaratory judgment petition was the appropriate remedy available to him and that his complaint was not moot. Holland also disputed the Parole Board's reliance on a 2022 depublished opinion of this Court[4] as well as two older cases[5] that were decided prior to the United States Supreme Court's establishment of minimal due process in parole revocation proceedings in *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), and the Supreme Court of Kentucky's analysis of that process in conjunction with Kentucky's procedures in *Jones v. Bailey*, 576 S.W.3d 128 (Ky. 2019).

In reply, the Parole Board argued that the decisions in *Morrissey* and *Jones* did not alter the earlier decisions in *Mahan* and *Wingo*; the former cases concerned the minimal due process owed to an offender in the parole revocation process, while the latter cases concerned the remedy the courts could provide in challenges to the actions of the Parole Board.

---

[4] *Johns v. Kentucky Parole Bd.*, No. 2020-CA-1151-MR, 2022 WL 22628847 (Ky. App. Mar. 18, 2022), *review denied and ordered depublished* (August 10, 2022).

[5] *Mahan v. Buchanan*, 310 Ky. 832, 221 S.W.2d 945 (1949), and *Allen v. Wingo*, 472 S.W.2d 688 (Ky. 1971).

The circuit court heard arguments from the parties on July 1, 2024. The Parole Board, through counsel, stated that while Holland had received his two hearings within 60 days, he had not received his written findings from the final hearing or the final revocation decision until after the 60-day period had elapsed. The only remedy available was to provide him with "those things that are delayed," and because the written findings and final decision had already been provided to Holland, his petition was moot.

Holland, through counsel, argued that he had only been heard by two ALJs, but not the Parole Board, within 60 days. Being heard by an ALJ was not what the statute called for, although it was how the Parole Board had decided to go forward with revocation proceedings. The final decision from the Parole Board was received 87 days after he was taken into custody. Holland argued that the remedy was to dismiss the proceedings and release him, as he argued in the motion to dismiss below that the Parole Board did not address. Holland went on to argue that the Parole Board had been ignoring the statutory time limitations by utilizing ALJs to conduct the hearings.

The Parole Board responded that KRS 439.341 provides that it can delegate, to an ALJ, hearings on probable cause and any other duties as assigned. The Parole Board asserted that there had not been any due process violation in the present case, and the remedy had already been provided.

On July 3, 2024, the circuit court entered an order granting the Parole Board's motion to dismiss, concluding that Holland's petition was moot. His only remedy was to seek a writ of mandamus for the circuit court to order the Parole Board to issue a final decision pursuant to the applicable caselaw, but he had already received his final revocation decision. The court did not find any statutory or caselaw support for Holland's argument that he was entitled to release and to be returned to community supervision because the revocation proceeding was not completed in 60 days. The court also concluded that the slight delay in Holland's case was not a violation of due process based upon *Morrissey*. Because there was no other remedy the court could provide, the court dismissed the complaint. This appeal now follows.

On appeal, Holland continues to argue that the Parole Board's violation of the 60-day time limitation in KRS 439.440 supports his release from custody. In addition, he argues that his petition seeking declaratory and injunctive relief was the only way he could seek an adequate remedy; a writ of mandamus could not provide him with the appropriate relief. The Parole Board disputes these arguments and argues that the circuit court properly dismissed Holland's petition.

The appropriate standard of review for a dismissal pursuant to CR 12.02(f) is as follows:

> "It is well settled in this jurisdiction when considering a motion to dismiss under [Kentucky Rules

of Civil Procedure (CR) 12.02], that the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." *Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App. 2007) (citing *Gall v. Scroggy*, 725 S.W.2d 867, 869 (Ky. App. 1987)). "Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo*." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citing *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009)).

*Littleton v. Plybon*, 395 S.W.3d 505, 507 (Ky. App. 2012) (footnote omitted). *See also Saint Joseph Hosp. v. Frye*, 415 S.W.3d 631, 632 (Ky. 2013) ("The issue presented concerns statutory interpretation, which is purely a question of law, which we review *de novo*.").

We have reviewed the applicable caselaw, and we are constrained to agree with the Parole Board that Holland's remedy was limited to a mandamus action (which he included as an alternative basis for jurisdiction in his petition) to force the Parole Board to act. "Our law has long provided that a mandamus action against the Parole Board (but not an action for habeas corpus) will lie to challenge a parole revocation." *Muhammad v. Kentucky Parole Bd.*, 468 S.W.3d 331, 345 (Ky. 2015) (citations and footnote omitted). Because Holland had been afforded two hearings (a probable cause hearing and a final hearing) and the Parole Board had already entered a final decision, albeit outside of the 60-day period, Holland

-8-

has received the only relief available for any failure of the Parole Board to hear his case within the 60-day period set forth in KRS 439.440.

In its brief, the Parole Board relied heavily on this Court's recent but depublished opinion of *Johns*, *supra*, to argue that a mandamus action was the only avenue of relief available to Holland for the Parole Board's failure to comply with the time requirements of KRS 439.440 and that, because the Parole Board had already entered a final decision, there was no other remedy available to him.

The Supreme Court of Kentucky very recently addressed the use of depublished opinions in *Normandy Farm, LLC v. Kenneth McPeek Racing Stable, Inc.*, 701 S.W.3d 129, 137 (Ky. 2024):

> [W]e take this opportunity to make clear to bench and bar that depublished opinions—as opposed to ordinary not-to-be-published opinions, the citation of which is governed by RAP[6] 41[7]—have zero precedential value.

___

[6] Kentucky Rules of Appellate Procedure.

[7] RAP 41(A) addresses the citation to not-to-be-published Kentucky opinions:

> "Not To Be Published" opinions of the Supreme Court and the Court of Appeals are not binding precedent and citation of these opinions is disfavored. A party may cite to and rely on a "Not To Be Published" opinion for consideration if:
>
> (1) it was rendered after January 1, 2003,
>
> (2) it is final under RAP 40(G),
>
> (3) there is no published opinion of the Supreme Court or the Court of Appeals that would adequately address the point of law argued by the party, and

The reasons why this Court may exercise its authority to depublish an opinion of the Court of Appeals are various and, more importantly, known only to this Court; and even then, imperfect. All that is known from such an order is that this Court does not want a particular opinion to be binding on trial courts or other Courts of Appeal panels. This Court has seen something in them that did not merit discretionary review but may work mischief if followed by other courts. The rule of thumb is that the entire opinion should be limited strictly to the parties concerned and not cited as persuasive authority in other cases. *That being said, McPeek relies heavily upon [a depublished opinion] for support so we will consider its reasoning but reliance upon depublished opinions is discouraged.*

(Emphasis added.)

Our review of *Johns* reflects that the panel carefully considered and analyzed the few reported cases and provided an excellent history of this issue; the Court did not create any new law as a result. Therefore, we have opted to consider and rely upon the following portion of the Court's reasoning in *Johns*, as the Supreme Court did in *Normandy Farm*, with the acknowledgement that reliance upon depublished opinions is discouraged and a last resort.

### ***Mandamus is sole remedy for failure to conduct timely KRS 439.440 hearing***.

Long ago, a parolee, reincarcerated for violating terms of his parole, brought a *habeas corpus* action claiming he was "illegally restrained by the . . . Parole Board, because his parole from the prison was revoked and he was reincarcerated without any hearing . . . ."

_____

(4) the party clearly states that the opinion is not binding authority.

-10-

*Shepherd v. Wingo*, 471 S.W.2d 718, 719 (Ky. 1971). Rejecting *habeas corpus* as his remedy, the *Shepherd* Court cited the now century old case of *Board of Prison Commissioners v. Crumbaugh*, which says:

> If the [Parole B]oard should *in any case* abuse its authority in rearresting a convict, the remedy is by a proceeding in the circuit court . . . to obtain a writ of mandamus requiring the board to proceed properly, and in that judicial proceeding the facts may all be shown, and either party aggrieved by the decision may appeal to this court.

161 Ky. 540, 170 S.W. 1187, 1188 (1914) (emphasis added).

In a subsequent opinion a few years later, the former Court of Appeals laid out the reasoning more clearly. "A prisoner . . . at liberty under the parole . . . is subject to the control of the board as he was before the parole was granted." *Commonwealth v. Crumbaugh*, 176 Ky. 720, 197 S.W. 401, 402 (1917); *Muhammad v. Kentucky Parole Bd.*, 468 S.W.3d 331, 345 n.15 (Ky. 2015) (parolee in revocation hearing is not seeking release from custody, "but the exchange of one form of custody for another."). Hence, once convicted, and until he serves out his sentence, a parolee is lawfully in state custody whether incarcerated or not. *See* KRS 439.346; KRS 439.348. *Habeas* is not his remedy.

Thirty or so years after the *Crumbaugh* cases, our highest Court reiterated this most consistent ruling that if "the [Parole B]oard should abuse its authority . . . , the remedy is . . . to obtain a writ of mandamus requiring the [B]oard to proceed properly." *Mahan v. Buchanan*, 310 Ky. 832, 836, 221 S.W.2d 945, 947 (1949). That is the sole remedy the circuit court identified in the instant case.

-11-

The bottom line is that each Appellant's complaint and concomitant remedy is indistinguishable from those in *Allen v. Wingo*, 472 S.W.2d 688 (Ky. 1971). In that case, the parolee claimed "revocation of parole . . . was invalid because he had not been given a hearing as required by KRS 439.440 until 40 days after his return to prison, whereas the statute directs that the hearing be had within 30 days . . . ." *Id*. at 688. Chief Justice Palmore, writing for Kentucky's highest Court said: "For the reasons set forth in *Mahan v. Buchanan* . . . and its supporting authorities, mandamus is the only proper remedy for an abuse of authority by the parole board . . . ." *Id.*

Reading *Mahan* and *Allen* together makes it clear—Appellants were entitled to no relief other than a writ of mandamus compelling the Parole Board to conduct the KRS 439.440 hearing. The record shows each Appellant has had the benefit of such a hearing and they are entitled to no further relief.

*Johns*, 2022 WL 22628847, at *4-5.[8]

There is no dispute in this case that Holland was afforded both a probable cause hearing and a final hearing, and that the Parole Board has entered a final decision revoking his SOPIS and ordering him to serve out his remaining time. Holland has already received the only relief to which he is entitled. For this reason, the circuit court did not commit any error in dismissing Holland's petition as moot.

---

[8] We note that the *Johns* case addressed the 1956 version of KRS 439.440, which provided that a parolee had to be heard within 30 days. The statute was amended to provide the Parole Board with 60 days effective July 15, 2020.

-12-

For the foregoing reasons, the order of the Franklin Circuit Court is affirmed.


ALL CONCUR.


BRIEF FOR APPELLANT:

Bailey E. Brown
Assistant Public Advocate
Department of Public Advocacy
La Grange, Kentucky

BRIEF FOR APPELLEE:

Seth E. Fawns
Justice and Public Safety Cabinet
Office of Legal Services
Frankfort, Kentucky