## Board of Prison Commissioners, et al. v. Crumbaugh, Police Judge.

(Decided December 11, 1914.)

### Appeal from Franklin Circuit Court.

Convicts—Paroled Convict—In Control of Prison Commissioners— When May Again Be Confined in Prison—Habeas Corpus.—A paroled convict is in the control of the Board of Prison Commissioners and may be arrested on a warrant and placed again in prison for a violation of his parole; and when so placed again in prison he can not be released on a writ of habeas corpus, as his imprisonment is not without authority of law.

JAMES GARNETT, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for petitioners.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Sustaining motion for writ of prohibition.

In the year 1889 Alex. Messer was convicted in the Pike Circuit Court for murder and confined in the penitentiary. On December 6, 1906, the Board of Prison Commissioners released Messer from the penitentiary under a parole and he returned to Rowan County. After his return to that county, he was arrested under a peace warrant, and being tried before the circuit court, was required to give bond for good behavior; this he failed to do, and was, by order of the court, committed to jail. Information of these facts was brought before the prison commissioners and the parole agent was sent to investigate the case; he learned that Messer, after getting out of jail, was carrying his gun around and molesting people in the neighborhood, and being arrested a second time under a peace warrant, agreed to leave the neighborhood if he was released, and this he failed to do. On the recommendation of the parole agent the Board issued a warrant for the arrest of Messer, under which he was arrested and placed again in the penitentiary; he then applied to W. L. Crumbaugh, Police Judge of Eddyville, for a writ of habeas corpus, which was issued, and

Messer having been brought before the police judge under the writ, the judge announced from the bench that he had concluded that Messer was entitled to release under his former parole, but consented that he would hold the matter in abeyance until Saturday, December 5th, to give the Board time to re-parole him. The Board thereupon filed a petition in this court asking a writ of prohibition against the police judge restraining him from proceeding further in the matter; a temporary restraining order was entered as prayed, and the case is now submitted for final judgment.

Under Section 110 of the Constitution this court has power to issue such writs as may be necessary to give it a general control of inferior jurisdiction, and it is well settled that a writ of prohibition may issue in a case like this whenever the inferior court is proceeding out of its jurisdiction, or where it has jurisdiction, but an appeal will not furnish an adequate remedy or there is no other remedy. (Clark v. Warner, 116 Ky., 801, Renshaw v. Cook, 129 Ky., 347, Rush v. Denhardt, 138 Ky., 238, I. C. R. R. Co. v. Rice, 154 Ky., 198).

A prisoner who has been paroled by the Board remains subject to its control, and if he violates the parole may be re-arrested and placed again in prison. While at liberty under the parole he is subject to the control of the Board as he was before the parole was granted. (George v. Lillard, 106 Ky., 824; Board of Prison Commissioners v. Morse, 157 Ky., 289).

The prisoner who has been paroled and has subsequently been re-arrested under a warrant by the Board is not illegally detained in custody. The writ of habeas corpus may be used to release from custody persons who are held in custody illegally; but under this summary process, the officer issuing it in the case of a paroled convict re-arrested upon the order of the Board, cannot go behind the order of the Board; for the Board has authority by law to issue the warrant, and the detention of persons under the warrant is not without authority of law. There is nothing in the record before us to indicate that the Board abused its authority; on the contrary the facts shown not only warrant, but require the action taken by the Board. If the Board should in any case abuse its authority in re-arresting a convict, the remedy is by a proceeding in the circuit court of the proper county to obtain a mandamus or injunction requiring the Board to proceed properly, and in that judi-

cial proceeding the facts may all be shown, and either party aggrieved by the decision may appeal to this court. On the other hand no appeal lies from an order made on a writ of habeas corpus, and if such a proceeding as the one complained of here could be maintained the authority of the Board would be destroyed, and it would be powerless to perform its duties as required by the statute.

A final writ will therefore be issued as prayed in the petition, restraining the police judge from further proceeding in the matter.

Motion sustained.