### Louisville & Nashville Railroad Company v. Messer.

(Decided June 18, 1915.)

#### Appeal from Whitley Circuit Court.

Jury—Empaneling—Section 2261 Kentucky Statutes—Error.—Since trial courts are authorized to discharge only the first regular panel of a jury after they shall have served one week and empanel another jury, and are without authority to discharge the new jury thus empaneled after a week's service and empanel another jury for the succeeding week, and continue this practice for each week of the term, it is prejudicial error authorizing a reversal of the judgment to refuse to discharge the fifth panel thus selected where the question is properly raised by motion. (For original opinion, see 164 Ky., 218.)

HIRAM H. TYE and BENJAMIN D. WARFIELD for appellant.

J. M. ROBSION for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Granting petition for rehearing and reversing.

Defendant's supplemental brief, calling our attention to the fact that the jury which tried this case was not properly empaneled, was not in the record when the case was decided, and the question was not considered by the court. The question is presented by defendant's petition for rehearing.

It appears that when the case was called for trial, defendant moved to discharge the jury for the following

reasons: The court not only discharged the first regular panel after one week's service, but discharged each subsequent panel after one week's service, and the jury which tried this case was the fifth jury which had been drawn, summoned and empaneled during the term of court at which this case was tried. Defendant's motion to discharge the panel was overruled. In the recent cases of L. & N. R. Co. & Curt Jones v. Owens and L. & N. R. Co., and Curt Jones v. Parsons, 164 Ky., 557, we held that trial courts were authorized to discharge only the regular first panel of the jury after they had served one week and empanel another jury, and were without authority to discharge the new jury thus empaneled after a week's service and empanel another jury for the succeeding week and continue this practice for each week of the term. We further held that parties litigant are entiled to a trial by a jury empaneled in conformity to the statute, and that, where the question was properly raised, it was prejudicial error to refuse to discharge the jury where the method provided by the statute for empaneling a jury was substantially disregarded.

For the reasons given, the petition for rehearing is granted, the order of affirmance set aside, and the judgment reversed for a new trial consistent with this opinion.