Opinion of the Court by
Chief Justice Miller
Reversing.
The appellee, Fox, brought this suit to recover damages for personal injuries received by him while at work for the defendant in pulling stumps and pillars in its coal mine. Fox was 38 years old, and of more than twelve years’ experience as a miner.
*2 The work of pulling stumps and pillars,, sometimes called “robbing” work, consists in removing the pillars of coal that have been left standing as a support to the roof of the mine while the ordinary work of mining was going on. That it is very dangerous work, is well known to any experienced miner.
In this case a piece of slate had been hanging from the roof for some time, and had been noticed by Fox, as well as by Harp, his “buddy.”
Fox and Harp, accompanied by Mays, whom they had employed to operate their cutting machine, began work on the pillar in question about eight o ’clock in the evening. Fox and Harp examined the projecting slate in the roof, and Harp struck it several .times with his pick, to ascertain its condition, Fox standing by and looking on. Harp says he found the roof “about half and half,” meaning that the center of the projecting slate was “drnmmy,” while around the edges it was hard or solid. Harp undertook to pull the slate down, and did remove a small part of it. Harp finally said he believed the slate in the roof would stand until they could finish their work at that place; whereupon Fox said, “I don’t know — we can try it.” They at once began to operate the machine, undercutting the coal, thereby causing the slate “to take on more weight”; and, in about forty minutes later, four or five car loads of slate fell from the roof, mashing Fox’s left foot to such an extent that it became necessary to amputate the foot at the arch. He recovered a judgment for $1,000.00 and the company appeals.
The plaintiff based his cause of action on the failure of the company to furnish props after having been requested so to do. The testimony for plaintiff shows there was one prop at his working place, but he claims it was about eighteen inches too long, and could not be used without being cut off.
1. The judgment will have to be reversed on account of the error of the circuit court in requiring the appellant, over its objection, to try this case before a jury taken from the third panel selected by the court during its May term, 1914.
Under section 2261 of the Kentucky Statutes, trial courts are authorized to discharge only the regular first panel of the jury after they shall have served one week, and empanel another jury; they are without authority to *3 discharge the second jury thus empaneled after a week’s service, and empanel a third jury for the succeeding week, and thus continue this practice for each week of the term, as seems to have been the practice in the Whitely circuit.
This precise question was before the court in Louisville & Nashville Railroad Co. v. Owens, 164 Ky., 557, and again in Louisville & Nashville Railrod Co. v. Messer, 165 Ky., 506; mid, in each case, the action of the court in discharging the second panel and empanelling another jury, as was done, in this case, was held to be a reversible error.
But, as the case will have to be retried, it is proper to consider at least one of the other alleged errors, in order that it may hereafter be avoided.
2. Appellant insists that its motion for a directed verdict in its favor, at the end of. all the evidence, should have been sustained.
The proof shows that the slate had been in the condition in which Fox and Harp found it, for at least a month; and Harp says he had been asking for props for about two weeks. Appellant concedes it to be a sound proposition of law, that if the slate, without being molested, had fallen upon and injured the plaintiff, then, in the light of the proof, he should recover; but, that when Fox, by his own act, and without notice to the company, made the place more dangerous, and was injured by reason thereof, no recovery should be allowed him. In other words, defendant insists that since plaintiff bases his right of recovery on the failure of the company to furnish props so that he might make safe a dangerous roof which he thereafter examined, and after having reached the conclusion that it would not fall within a certain length of time, he went to work during that time, with a machine undercutting the coal, and thereby caused the slate to take weight, become more dangerous, and fall upon plaintiff, he, himself, was the sole cause of the accident and cannot recover.
It should be borne in mind there was no assurance upon the part of the mine boss, or anybody representing the company, that the place was safe; on the contrary, Fox and Harp both say they examined the roof and came to the conclusion that it would hold until after they had finished their work, and that they would take that chance. On the other hand, they say they had called for props, *4 .and that the mine boss had promised to furnish them, but had failed to do so. And, Harp and Fox both say it was their duty to do the propping of the roof in the place in question.
So, the case finally comes to the proposition that although the plaintiff had called for props and had not received them, yet, is he entitled to recover where he proceeded to work, after satisfying himself from an examination of the roof, that he could afford to take the chance of its falling? We think not.
The rule is well settled that where the danger is so «obvious to the servant that no man of ordinary prudence would continue to work under the circumstances, the servant assumes the risk if he undertakes the work, and the master is not liable if injury results. And, we are of opinion this case comes within that rule. The failure of the company to furnish props, even though that fact be conceded, did not prevent the operation of the rule above announced, since it was the plaintiff’s duty, in protecting himself, to decline to work when the danger was as obvious as he describes it.
Appellant’s motion for a peremptory instruction should have been sustained; and, under this view of the-case, it becomes unnecessary to consider the alleged errors in the instructions.
Judgment reversed.