## Whitis et al. v. Commonwealth.

(Decided Oct. 23, 1936.)

H. C. KENNEDY for appellants.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellants, Earl Whitis and Mrs. Cora Colyer, were with Jim Ping, Elwyn Jackson, and Louisa. Price, jointly indicted by the grand jury of Laurel county for the crime of robbery "by the use and display of offensive deadly weapons, to-wit, pistols."

Chapter 52, Acts of 1934, now section 1159a, Baldwin's 1936 Revision of Carroll's Kentucky Statutes, provides that:

> "If any person shall commit acts of robbery, * * * as defined in Sections 1159 or 1159a, * * * and in committing said act or acts shall use or display any pistol, gun or other firearms or deadly weapon of any character in so doing; upon conviction such person or persons shall be sentenced to death or life imprisonment in the discretion of the jury."

The indictment here before us accused the named five defendants of having conspired to rob Clark Feltner and the Feltner whisky store and in separate counts charged each of them as principal and his or her associates as aiders and abetters.

This appeal comes before us, seeking a reversal of a judgment entered upon the verdict returned upon the third and separate trial of the two appellants (codefendants below), finding them guilty and fixing their punishment at life imprisonment.

Appellants assign as error committed, entitling them to a reversal of the judgment: (1) That the court erred in refusing them a peremptory instruction, moved for at the close of the commonwealth's evidence and again at the close of all the evidence; (2) that it erred in giving instructions Nos. 1 and 2; (3) that the verdict is not supported by the evidence; (4) that the court erred in refusing to sustain their challenge to the panel of the jury and in overruling their motion to discharge it; and (5) that the court erred in the admission of incompetent testimony.

It may first be noted that it is disclosed by the record that of these five jointly indicted defendants, Jim Ping was the one of their number who entered the whisky dispensary in question and therein effected the charged holdup and robbery, after which he was killed when the car in which the party was attempting to make his "getaway" was wrecked. The other four occupants of the car, all residents of Pulaski county, were badly injured.

Upon the first trial upon the indictment of the four codefendants, Louisa Price was acquitted; a mistrial resulted as to the others.

Upon a second trial of the remaining three codefendants, a mistrial again resulted, while upon the third call and trial of the case, a severance was demanded and granted, and appellant's codefendant, Elwyn Jackson, was separately tried upon the joint indictment and convicted and sentenced to a term of life imprisonment.

Thereafter, the case of the appellants, Earl Whitis and Mrs. Cora Colyer, coming on for trial, and they consenting to be tried together, they were tried upon this same joint indictment, and upon substantially the same and identical evidence and instructions as were given upon the previous separate trial of their codefendant, Elwyn Jackson, appellants were convicted and also sentenced to life imprisonment.

Appellants' contentions here urged, that the court erred in failing to sustain their motion for a peremptory

instruction, in giving the conspiracy and aiding and abetting instructions, and that the evidence was insufficient to support the verdict returned, are the same contentions as were made, upon almost the identical evidence heard and instructions given thereon, by the co-defendant Jackson for reversal upon his appeal from the judgment of conviction upon his trial. Therefore, our ruling upon that appeal, that the evidence was sufficient to uphold the judgment and that the court did not err in giving the conspiracy and aiding and abetting instruction thereon, must be taken as the law of the case and here applicable and controlling upon the same questions presented upon this appeal.

The language of the opinion so holding upon that appeal (Elwyn Jackson v. Commonwealth, 265 Ky. 458, 97 S. W. [2d] 21), to which reference is made for a full statement of the facts and evidence of this robbery, is as follows:

"From the foregoing resume of the evidence, it will be seen that appellant's contention that the evidence was not sufficient to sustain the verdict is wholly without merit. There was ample evidence from which the jury might reasonably infer that a conspiracy to commit the robbery existed, and that appellant aided and assisted Ping in its commission."

And continuing, the court said:

"Complaint is made of instruction No. 3 because it authorized the jury to find the defendant guilty if they believed from the evidence, beyond a reasonable doubt, that 'he was present at the time near enough so to do and did wilfully and felonioulsy aid, abet, assist, encourage, incite, or command the said Jim Ping' to commit the robbery in the manner theretofore mentioned. * * *

"Here there was evidence tending to show that appellant knew the crime was to be committed, and that he aided and assisted Ping in its commission. This made him a participant in the crime as an aider and abettor, and made him subject to the same penalty as the principal. When two or more persons unite to accomplish a criminal object, and one aids and abets the other in the commission of the crime, the aider and abettor is responsible in law

to the same extent as the one who actually commits the criminal act. Simmons v. Com., 263 Ky. 171, 92 S. W. [2d] 68; Kinder v. Com., 262 Ky. 840, 91 S. W. [2d] 530; Philpot v. Com., 240 Ky. 289, 42 S. W. [2d] 317.''

However, there was one additional bit of evidence, which is not found in this record. The defendant there, as did the appellants here, stated that he did not know that Ping intended to commit the robbery or had committed it until after he drove away from the store where it was committed, but it was yet testified by an officer upon Jackson's trial that Jackson admitted to him that he learned of the robbery after it was committed and was driving the automobile at a high rate of speed to enable Ping to escape when it was wrecked.

Upon this slight evidence found in the Jackson record, and only affecting Jackson, the court held that the trial court erred in failing to give him an additional instruction upon such evidence, tending to show him an accessory after the act, as was provided for by the last clause of section 1159a, and reversed the judgment because of the trial court's failure to give such instruction.

Reference to the opinion delivered upon that appeal is here made for a full statement of the facts and circumstances under which the robbery of Feltner's whisky dispensary, situated in Laurel county, near London, was committed, which are the same, with the exception stated, as disclosed by the record in this case.

We, therefore, upon the authority of the holding of the court upon the analogous facts of that case, likewise conclude that these named assignments of error, that the court erred in refusing them a peremptory instruction, in giving instructions Nos. 1 and 2, and that the verdict is not supported by the evidence, are without merit.

Next considering appellants' contention that the court erred in the admission of incompetent evidence, it appears that the objection is chiefly directed at the commonwealth's witness having improperly answered a question asked of her, as to where the codefendant Taylor was then living, knowing he was in the penitentiary, upon conviction for the same offense, after the court had sustained timely objection made thereto. Appellants moved to discharge the jury, insisting that the poison-

ous prejudice of the answer so made was so fatal upon the jury's mind that it could not be remedied by the later admonition given it to disregard the answer as improperly made, after having overruled appellants' motion made to discharge the jury based on such cause.

It is sufficient answer to this contention to say that we do not find this criticism of merit or tenable, when considered in the light of the court's clear instruction given the jury as to it.

Appellants' next and final assignment of error is based on the court's refusal to sustain their challenge to the entire panel of jurors and in overruling their motion to discharge the said panel because it was the second panel used by the court at that term and because drawn after the first regular panel had served through the first fifteen days of the term.

In support of this contention, counsel for appellants cite the case, among others, of Louisville & N. R. Co. and Curt Jones v. Owens, 164 Ky. 557, 175 S. W. 1039, 1042. However, our own consideration of the holding in that case leads us to conclude that the appellants' contention in this is without merit.

The language of the court's opinion in this case is as follows:

"Prior to the present act the statute regulating the discharge of jury panels provided as follows:

" 'The court may discharge the regular first panel of a jury, after they shall have served one week, and direct another panel of twenty-four to be summoned for the succeeding week, and so on for each week of the term. * * *' General Statutes, ch. 62, art. 4, sec. 8.

"The present statutes provide:

" 'The court may discharge the regular first panel of a jury after they shall have served one week, and impanel another jury, as herein provided.' Section 2261, Ky. Statutes.

"The trial court not only discharged the first regular panel, but discharged each subsequent panel at the end of a week's service and impaneled a new jury for the following week. These cases were tried

by the sixth jury thus impaneled. It will be observed that the old statute authorized the impaneling of new juries at the end of each week, while the present statute gives authority to discharge the regular first panel after they shall have served one week and then impanel another jury. It is the rule that where a new statute is enacted to take the place of an old statute, a material change between the two cannot be passed over by the courts as insignificant. * * * We, therefore, conclude that the Legislature intended to discontinue the practice of summoning a new jury for each week of the term and to confine the authority of the trial judge to discharging the regular first panel after they shall have served one week. It will be seen, therefore, that the method adopted by the trial court in impaneling new juries and discharging them is not authorized by the statute. The purpose of the present statute regulating the impaneling and selection of juries is to dispense, as far as possible, with the professional juror, who is generally present as a bystander for the express purpose of being summoned. To accomplish this purpose a substantial compliance with the statute is necessary."

The object of the statute, as stated in the opinion supra, was to discourage the presence of professional jurors, who stand by throughout the term awaiting jury call, by dispensing with the former custom of impaneling successive new juries, upon which they might be called, every week of the term and providing that only one such new jury might be impaneled. This, the object of the statute, we are of the opinion, is as substantially realized and effected by limiting the court's right, as it does, to impanel but one new jury during its term of court, at any time during the term, as in confining its impaneling to the one day stated of "after the jury shall have served one week."

The language of the statute is not that the court shall, but rather that it may, impanel a new jury at such named time, or, in other words, appears to be directory as to the time, but mandatory in limiting it to one time, in view of its purpose to confine the court to impaneling but one new jury during the one term.

Appellants' complaint here made to the new jury here impaneled is not that the court violated the pro-

vision of the statute in impaneling it, as making more than one impanelment of a new jury, prohibited by the act, but that it made such impanelment of the one new jury on an improper day of the term or after the first regular jury had served fifteen days, rather than only for one week as named by the statute.

We are not inclined to regard the naming of a particular day as the material mandate of the statute upon which the court shall see fit to discharge the old and impanel one new jury, so long as the court stays within what we conceive is the mandatory restriction of the statute, that only once during the term shall the court discharge the regular panel and impanel a new jury to serve during the remainder of the term.

Therefore, for the reasons hereinabove indicated, we are of the opinion that the judgment should be, and it is, affirmed.