# Meredith, Atty. Gen., v. Sampson, Judge.

March 3, 1939.

HUBERT MEREDITH, Attorney General, and JESSE K. LEWIS, Assistant Attorney General, for petitioner.

WILLIAM R. HENRY for respondent.

OPINION OF THE COURT BY JUDGE FULTON—Awarding writ of prohibition.

This action was filed by Hon. Hubert Meredith as

Attorney General of the Commonwealth of Kentucky and as a citizen and taxpayer of the Commonwealth against Hon. Flem D. Sampson, Judge of the Thirty-fourth Judicial District of Kentucky. It is alleged in the petition, in substance, that the respondent, on the first day of the January, 1939 term of the Whitley Circuit Court, instead of using the jury that had been drawn from the wheel at the previous term, illegally discharged that jury and drew from the jury wheel and had summoned 36 jurors, out of which he selected 30 jurors for the regular panel; that at the end of the first week of court he discharged the original panel and drew from the jury wheel the names of 36 jurors, who were summoned for jury service, and that from this list of 36 names he selected another panel of 30 jurors for the second week of the term; that at the end of the second week this process was repeated and a new jury impaneled at the beginning of the third week, and the same procedure was adopted for the fourth week of the term.

It is further alleged in the petition that this procedure would cause the verdicts of juries and judgments based thereon to be erroneous and would entail upon the litigants and the Commonwealth of Kentucky vexation and delay and would cause the Commonwealth to lose various sums in the way of costs and expenses. It is also alleged that the respondent has threatened to compel the clerk of the court to make illegal payments to jurors as a result of this procedure and that, unless a writ of prohibition is issued restraining and prohibiting him from taking such action, irreparable injury will result to the Commonwealth.

In accordance with the allegations and prayer of the petition, a temporary writ of prohibition was issued and is still in force. Judge Sampson has filed a general and special demurrer and a response to this petition and the petitioner has filed a demurrer to the response.

The response denies all material allegations of the petition, but admits that the respondent adopted the procedure complained of in the petition, namely, that of impaneling a new jury for each week of the term, and it is admitted by the response that such procedure will result in $2 being paid illegally to one juror, who was drawn from the wheel and appeared for jury service but was not placed on the panel.

The general demurrer filed by the respondent raises the question of the right or power of this court to issue a writ of prohibition to prevent the payment of money to jurors illegally on order of the circuit judge.

In Board of Prison Commissioners v. Crumbaugh, 161 Ky. 540, 170 S. W. 1187, 1188, it is said:

"Under section 110 of the Constitution, this court has power to issue such writs as may be necessary to give it a general control of inferior jurisdictions, and it is well settled that a writ of prohibition may issue in a case like this whenever the inferior court is proceeding out of its jurisdiction, or where it has jurisdiction, but an appeal will not furnish an adequate remedy, or there is no other remedy."

There can be no question but that the respondent is acting within his jurisdiction as to any orders made by him with reference to the payment of jurors. It is within the province of the circuit judge to allow all legally summoned jurors pay to which they are legally entitled for serving on the juries in the circuit court. The question remaining, therefore, is whether or not there is any adequate remedy except a writ of prohibition to protect the rights of the Commonwealth against the payment of illegal jury claims and the evils resulting from this practice.

By the provisions of section 2290-2 and 2290-3, Kentucky Statutes, the auditor is directed to advance to each circuit clerk such amount as he may deem necessary to provide a fund sufficient for the payment of the jury for a period of 10 days and, on reports made by the clerk of the exhaustion of this fund, provides additional funds sufficient to continue the payment of the jury. The clerk, on orders of the circuit court, then pays to each juror the amount allowed to the juror for jury service. No appeal is provided from the order of the circuit court allowing these jury claims; possibly under the general law an appeal might be taken, but in the ordinary case there is little likelihood that any illegal payment made to a juror would be recovered.

It is contended by respondent that under section 112-1, Kentucky Statutes, the Attorney General has the right to appear and appeal from any order of court allowing an illegal jury claim, and that, therefore, this court is without power to issue a writ of prohibition

because there is an adequate remedy provided by law. We cannot agree with this contention because, as we have above indicated, the clerk of the court has the jury fund in his hands and pays the jurors on order of the circuit court, this payment being made immediately after the entry of the court's order. No opportunity is provided for the Attorney General or any other officer of the Commonwealth to appear and except to the court's action in allowing the jury claims. It seems to us to be going far afield to say that the Commonwealth has an adequate remedy because an appeal might be taken from the order allowing an illegal claim or that an independent action may be filed by the Commonwealth to recover any illegal claims paid. This would be an enormous and unjustifiable burden on the Commonwealth and its officers. It appears to us that a writ of prohibition is the only adequate remedy by which the action of the circuit court may be controlled. Had the temporary writ not been issued, an illegal payment would have already been made and the burden of bringing an action for the recovery thereof would be on the Commonwealth. The general demurrer to the petition is therefore overruled.

The special demurrer raises the question of the legal capacity of the petitioner to bring this action. We have no doubt, however, as to the right of the petitioner as Attorney General and as a taxpayer of the Commonwealth to bring this action asking a writ of prohibition to control the action of a judicial officer in the attempted payment of the Commonwealth's money illegally. Kentucky Statutes, section 112-1; 7 C. J. S., Attorney General sec. 8, p. 1226; 22 R. C. L. 7; 50 C. J. 694; State v. Mingo County Court, 97 W. Va. 615, 125 S. E. 576. As to the right of the Attorney General to petition for a writ of prohibition on behalf of the clerk of the Whitley Circuit Court prohibiting respondent from proceeding against the clerk for contempt for failure to pay jurors, we are of the opinion that respondent's contention is correct, and that the clerk of the court is the one on whom the burden would be placed to secure such writ, if he was entitled thereto. However, as in the particular named the petition is sufficient, the special demurrer to the petition is overruled.

There can be no question that the action of the respondent in summoning a new jury each week is illegal. Section 2261, Kentucky Statutes, provides:

"The court may discharge the regular first panel of a jury after they shall have served one week, and impanel another jury, as herein provided."

In construing this statute in the case of Louisville & N. R. Co. et al. v. Owens, 164 Ky. 557, 175 S. W. 1039, it was held that the circuit judge had a right to discharge the first jury after they had served one week and impanel a new jury, but that he had no right thereafter to repeat this procedure. He is limited by the statute to one new jury and cannot draw a new jury for each week of the term. This opinion was followed in Louisville & N. R. Co. v. Messer, 165 Ky. 506, 176 S. W. 1200, Imperial Jellico Coal Co. v. Fox, 167 Ky. 1, 179 S. W. 1032, and Whitis et al. v. Commonwealth, 265 Ky. 799, 97 S. W. (2d) 789. We are unable to write the law any more clearly and definitely than it was written in those opinions. The respondent has definite and first hand knowledge that the practice of drawing a new jury for each week of the term has been condemned. He presided as trial judge in the case of Louisville & N. R. Co. v. Messer, supra, which was reversed solely and alone because of the improper impaneling of the jury resulting from the drawing of a new jury each week.

It is contended by the respondent, however, that this court has no jurisdiction to consider a matter involving only $2. However, we are not aware of any provision of law or decision of this court making our jurisdiction to issue a writ of prohibition dependent upon the amount in controversy, when public funds are involved. It is true that the power to issue a writ of prohibition is more or less discretionary with this court, and if the item of $2 to be illegally paid to one juror were the ultimate matter in controversy in this action, we would exercise our discretion by denying the writ.

More is involved, however, than the mere illegal payment of $2 to a juror. We have involved an illegal practice which, if followed in all the courts of the Commonwealth, or in the respondent's district, would result in the payment of large sums of the Commonwealth's money to jurors in violation of law. The respondent admits that he is engaging in a prohibited practice which, it is reasonably certain, will result in the payment of additional sums to jurors illegally.

In addition to illegal and unnecessary expenditures

for jury service, the practice followed by respondent will necessarily result in vexatious delays to litigants in the disposition of their cases and in burdensome and unnecessary expense to litigants and to the Commonwealth. When a jury is illegally impaneled as a result of this practice, any litigant has a right to object to having his case tried by such jury. If his objection is overruled and he is forced into trial, an error will have been committed which will result in a reversal of the judgment and the necessity of a new trial. If his objection is sustained a continuance must be granted. The evils attendant on this practice are manifold and serious.

Judicial officers of the Commonwealth should at least make a reasonable effort to abide by settled rules of procedure and practice promulgated by the Legislature as interpreted by the court of last resort. No sufficient reason is shown by the respondent in his response for failing so to do. The demurrer of the petitioner to the response is therefore sustained. As the term of the Whitley Circuit Court has now ended, the question has become moot except to the extent of payment of $2 illegally to the juror, Kizzie Johnson.

A writ of prohibition is therefore awarded against the respondent, prohibiting him from making, or carrying into effect, any order directing the payment of such sum to her.