George E. MOORE et al., Petitioners,

v.

Honorable Macauley L. SMITH, Judge,
Jefferson Circuit Court, Respondent.

Court of Appeals of Kentucky.

Nov. 15, 1957.

George B. Ryan, Louisville, for petitioners.

Macauley L. Smith, Louisville, pro se.

STEWART, Judge.

This proceeding originates in this Court as a petition for a' writ to prohibit the Honorable Macauley L. Smith, one of the judges of the Jefferson Circuit Court, from incorporating into a sixth-class city a subdivision known as "Sunset Estate".

The burden of petitioners' complaint is that respondent proceeded erroneously within the jurisdiction of the court he presides over when he adjudged that under KRS 81.050 only *67 registered* voters be counted as eligible petition signers in order to determine the necessary two-thirds of the *voters* living within the boundary proposed to be incorporated. Petitioners allege that 59 other persons, qualified to vote within the meaning of Section 145 of the Constitution of Kentucky, were excluded from consideration as *voters* because they were *unregistered.* If these 59 persons had been counted along with the 67, which petitioners

argue should have been done, it is claimed respondent would have been compelled to find that the 45 who actually signed the petition to incorporate did not constitute two-thirds of the voters living within the territory sought to be incorporated.

██ KRS 81.060 denies an appeal from a judgment incorporating a city. On several occasions this Court has written that its original jurisdiction to issue writs to control the actions of inferior courts cannot be invoked as a substitute for an appeal when none lies. Sizemore v. Stivers, 287 Ky. 153, 151 S.W.2d 1059; McFarland v. Gilbert, 276 Ky. 423, 124 S.W.2d 473. We have also held that the issuance of such writs is within the discretion of the Court of Appeals. Meredith v. Sampson, 277 Ky. 263, 126 S.W.2d 124; Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S.W. 178; Litteral v. Woods, 223 Ky. 582, 4 S.W.2d 395.

██ When the right of appeal from judgments pertaining to a designated subject has been withheld we believe we may properly assume the Legislature intended to deny any review of ordinary or routine errors committed by the trial court in the entering of such judgments. This view is based upon the theory that the nature of the subject was not such as to warrant resort to the highest court. It would therefore seem to follow that there must be some error of an extraordinary nature, which would result in an abuse of the judicial process or constitute a miscarriage of justice, or that there must be some misuse or usurpation of authority by the lower court, before the Court of Appeals should exercise its constitutional power to "control" inferior jurisdictions. See Schaetzley v. Wright, Ky., 271 S.W.2d 885.

██ We find nothing in the allged error in the case now before us to justify the exercise of the extraordinary jurisdiction of this Court. Without determining whether or not the petition for incorporation of the city complied with the statutory require-

ment hereinbefore mentioned, we have no difficulty in deciding that the action of the judge in accepting the petition and undertaking to proceed with the case was not a usurpation of jurisdiction. If an error occurred at the hearing in the construction of the statute in question it was a simple error and not a miscarriage of justice or an abuse of the judicial process. Although petitioners here may feel they did not get "justice" in the lower court, because the court erred in entering a judgment in the case against them, the fact remains that they did get justice in the proper sense because they received due and fair consideration of their case in a properly constituted court which had full jurisdiction over the subject matter. See Schaetzley v. Wright, Ky., 271 S.W.2d 885, cited above.

Wherefore, the petition for an order of prohibition is denied.