Orville BROWN, Appellant,

v.

DEPARTMENT OF WELFARE, DIVISION OF PROBATION AND PAROLE et al., Appellees.

Court of Appeals of Kentucky.

Nov. 10, 1961.

Orville Brown, pro se, for appellant.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., for appellees.

BIRD, Chief Justice.

In 1948 Orville Brown was convicted of murder in the Rowan Circuit Court and sentenced to life imprisonment in the Kentucky State Reformatory. On October 23, 1956, he was released on parole. On October 24, 1957, he was released from parole supervision. On or about September 25, 1958, he was arrested and returned to the reformatory on the following warrant:

"Department of Welfare
"Parole Board

"Warrant No. 2551

"To the Parole Officer of the Appointed Officer Judicial District of Kentucky or any Peace Officer of the Commonwealth of Kentucky, or any other State or Commonwealth: It appearing from information furnished to the Parole Board of the Commonwealth of Kentucky that Orville Brown #39364–KSR a paroled prisoner who was convicted of the offense of Wilful Murder in the Rowan Circuit Court, and who was paroled on the 23rd day of October, 1956 has violated the terms of his parole as set out herewith: (1) Threatening the Life of Another (2) Possessing Firearms (3) the Welfare of Society Demands His Return. This therefore is to command you to forthwith arrest the said Orville Brown whose last known address is Milwaukee, Wisconsin and deliver him to the custody of the Warden of the Kentucky State Reformatory or Penitentiary at LaGrange or Eddyville, Kentucky. This warrant is issued pursuant to Act of Legislature approved May 18, 1956 governing paroled convicts. Given under my hand this 25th day of September, 1958.

"Walter Ferguson
"Chairman of Parole Board

"By Authority of the Parole Board"

On June 26, 1961, he filed a petition for writ of habeas corpus in Oldham Circuit Court. The trial court dismissed the petition on the ground that the facts alleged did not state a cause for granting the relief sought. Brown appeals.

He insists that he is wrongfully imprisoned because he was never given a hearing on the charges set forth in the parole-violation warrant heretofore quoted.

However, he is not being held as prisoner on the charges made in that warrant. He is imprisoned on a conviction for murder. He has never been finally discharged from prison. Though he was released from supervision he was not discharged from parole, nor had he served his sentence or been restored to citizenship. He was a prisoner at all times and subject to the regulations thereunto pertaining. KRS Chapter 439. In Mahan v. Buchanan, 310 Ky. 832, 221 S.W.2d 945, 947, we said:

"We note under KRS 439.150 above, that the parolee is at all times during

the continuance of the parole in the legal custody of the Department. Mahan was already in the legal custody of the Department. The mere fact that he was rearrested does not change that status. Habeas corpus lies where persons are held in custody illegally.

"In Board of Prison Com'rs v. Crumbaugh, Police Judge, 161 Ky. 540, 170 S.W. 1187, 1188, it was said:

" 'A prisoner, who has been paroled by the board, remains subject to its control, and, if he violates the parole, may be rearrested and placed again in prison. While at liberty under the parole, he is subject to the control of the board as he was before the parole was granted. George v. Lillard, 106 Ky. [820] 824, 51 S.W. 793, 1011, 21 Ky.Law Rep. 483; Board of Prison Commissioners v. De Moss, 157 Ky. 289, 163 S.W. 183.

" 'The prisoner who has been paroled and has subsequently been rearrested under a warrant by the board is not illegally detained in custody. The writ of habeas corpus may be used to release from custody persons who are held in custody illegally; but, under this summary process, the officer issuing it in the case of a paroled convict, rearrested upon the order of the board, cannot go behind the order of the board, for the board has authority by law to issue the warrant, and the detention of persons under the warrant is not without authority of law.'

"It is also pointed out in the case above that in the event the board should abuse its authority in rearresting a convict, the remedy is not by writ of habeas corpus but by a proceeding in the circuit court in the proper county to obtain a writ of mandamus requiring the board to proceed properly."

While there has been some modification of Chapter 439 the holding in Mahan v. Buchanan is still sound and is applicable in this case.

The record showing clearly that the petitioner is imprisoned upon a conviction for murder and showing further that he has not served his sentence or been restored, it is obvious under the authority cited, that petitioner is not wrongfully imprisoned. The trial court was therefore correct in dismissing the petition for habeas corpus.

The judgment is affirmed.