**Vernard W. JONES, Appellant,**

**v.**

**Harold E. BLACK, Warden, Kentucky State Reformatory, LaGrange, Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 28, 1971.

Vernard W. Jones, pro se.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant filed a petition for a writ of habeas corpus in the Oldham Circuit Court alleging his illegal detention in the Kentucky State Reformatory at LaGrange, Kentucky. He is serving a twenty-one year sentence for armed robbery for which he was convicted on June 3, 1965.

On July 17, 1967, he was granted parole and released to the custody of the parole authorities in Alaska. His parole was revoked by the parole board and a warrant issued for his return to Kentucky. He was arrested on the warrant in Alaska on December 17, 1969.

The appellant instituted proceedings in the superior court of Alaska to stay proceedings on the warrant. On January 29, 1970, the superior court denied the stay and granted officials in Kentucky ten days in which to take custody of the appellant and return him to Kentucky.

The appellant then appealed the order of the superior court to the supreme court of Alaska. The supreme court upheld the order of the superior court.

The appellant then sought a writ of habeas corpus in the United States District Court for the District of Alaska in which he contended that his detention in that state was illegal because the Kentucky authorities had not called for him within the ten days. The United States District Court granted the petition and ordered appellant released from custody.

The appellant now contends that the judgment of the United States District Court for the District of Alaska which released him from custody in that state has terminated all authority of the state of Kentucky to further confine appellant as a result of the revocation of his parole.

The Oldham Circuit Court dismissed the petition upon the ground that habeas corpus was not the proper remedy to review or challenge the revocation of parole, citing Mahan v. Buchanan, 310 Ky. 832, 221 S.W.2d 945 (1949). This was a proper disposition of appellant's argument that the parole board had unlawfully revoked his parole.

It did not dispose of the appellant's contention that the order of the United States District Court for the District of Alaska, which released him from further detention under the warrant for parole violation, forever barred the state of Kentucky from requiring him to serve the remainder of his sentence.

As we read the record the order of the United States District Court had no bearing whatever upon the right of the Commonwealth of Kentucky to return appellant to this state to serve the remainder of his sentence. The district court order went solely to the proposition that appellant should not be unreasonably restrained of his liberty in Alaska awaiting the arrival of Kentucky authorities to return him to Kentucky. The record shows he was arrested in December 1969, and on a hearing on January 29, 1970 was ordered held in custody for ten days for Kentucky authorities to return him to Kentucky.

Although he frustrated the ten days' timetable by his subsequent appeals to

the courts of Alaska, he yet remained in custody in Alaska on April 20, 1970. The United States District Court simply held that he should no longer be incarcerated in jail while awaiting the arrival of officers from Kentucky and ordered his release. This order had no effect upon the right of the Commonwealth of Kentucky to return him to this state for parole violation.

 The parole was subject to the provisions of KRS 439.348 and KRS 439.560. The Commonwealth of Kentucky retained jurisdiction over the appellant while he was on parole. Wingo v. Lyons, Ky., 432 S.W.2d 821 (1968); Mahan v. Buchanan, supra.

The judgment is affirmed.

All concur.