**Buck SHEPHERD, Appellant,**

v.

**John W. WINGO, Warden, Kentucky State Penitentiary, et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 15, 1971.

Buck Shepherd, pro se.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellees.

DAVIS, Commissioner.

Buck Shepherd prosecutes this appeal from the trial court's order denying his petition for a writ of habeas corpus. Shepherd contends that he is illegally restrained by the warden of the Kentucky State Penitentiary at Eddyville and the members of the Kentucky State Parole Board, because his parole from the prison was revoked and he was reincarcerated without any hearing and for no lawful cause.

■ Upon the authority of Jones v. Black, Ky., 468 S.W.2d 274; Wingo v. Lyons, Ky., 432 S.W.2d 821; Evans v. Thomas, Ky., 372 S.W.2d 798; and Rose v. Haskins (CA 6), 388 F.2d 91 (1968), cert. den. 392 U.S. 946, 88 S.Ct. 2300, 20 L.Ed.2d 1408, the trial judge denied the petition for habeas corpus. This court is of the view that the action of the trial court was correct in light of the decisions cited.

Appellant contends that the rationale of Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287, impels a different result and warrants a reconsideration of the cases cited which have held that habeas corpus is not an appropriate means for seeking relief on account of claimed irregularity in the revocation of parole. Particular reliance is had upon Hahn v. Burke (CA 7), 430 F.2d 100 (1970), in which it was held that revocation of the *probation* (not the parole) of a state prisoner could not be constitutionally accomplished without a due-process hearing as to the propriety of the revocation. There habeas corpus was granted. In Hahn the Court of Appeals for the 7th Circuit took note of Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935), in which the Supreme Court held that there is no constitutional right to a hearing on a revocation of probation and expressed doubt that the same result would obtain in light of the demise of the "privilege-right" distinction in constitutional law. Cited in support of that theory was 81 Harvard Law Review 1439.

■ This court remains of the view that due process is afforded in disputes involving revocation of parole by observing the procedures prescribed in Board of Prison Com'rs v. Crumbaugh, 161 Ky. 540, 170 S.W. 1187, in which it was written:

"If the (Parole) board should in any case abuse its authority in rearresting a convict, the remedy is by a proceeding in the circuit court of the proper county to obtain a writ of mandamus requiring the board to proceed properly, and in that judicial proceeding the facts may all be shown, and either party aggrieved by the decision may appeal to this court." Id., 170 S.W. at page 1188.

The judgment is affirmed.

All concur.