Howard GULLEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1972.

Tyler C. Bourne, Bourne & Alexander, Paducah, for appellant.

John B. Breckinridge, Atty. Gen., John C. Ryan, Sp. Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

Howard Gulley was indicted on three counts of aiding and abetting the utterance of a forged check. He was found guilty on two counts, and his sentence was fixed at five years' imprisonment on each count, the terms to be served consecutively. He appeals. We affirm.

Appellant contends that: (1) Aiding and abetting an utterance of a forged check is not an indictable offense under Kentucky law; (2) the trial court erred in over-ruling appellant's motion to discharge the jury after a reference to allegedly prejudicial evidence was made by the Commonwealth's attorney in his opening statement and in later permitting the jury to hear this prejudicial evidence; and (3) the verdict was not supported by the evidence.

On or about July 27, 1970, one hundred and sixty-six blank company checks and the company's check protector were stolen from the home office of the Midland Development Company, Inc., of Harrisburg, Illinois. The checks thereafter began appearing in Kentucky and in Illinois. They were writ-

ten for varying amounts and allegedly signed by F. M. Sullivan, president of Midland Development Company. Payment on checks of various amounts aggregating about $4,000 was refused by the bank on which they were drawn. Appellant had worked for the Midland Development Company as a bricklayer, but he was not working for the company at the time of the theft.

The evidence disclosed as to count number one that on or about July 29, 1970, a check in the amount of $202.17 was presented by appellant to Myra Wyatt at a drive-in window of the Peoples Bank in Paducah. Myra testified that there were two men in the car. She positively identified the appellant as the driver and the one who had given her the check. When she requested identification, she was handed a driver's license. The license bore the same name as the name of the payee on the check. After consultation with an official of the bank, Myra cashed the check. As the car drove away, she wrote its license number on the back of the check. The number proved to be the license number of appellant's automobile. The Commonwealth proved the check to be a forgery.

As to count number three of the indictment, the evidence showed that on or about July 30, 1970, a check similar to the one given to Myra was presented for payment to Imogene Griffin, a teller at the Cardinal Branch of the Citizens Bank in Paducah. This check was in the amount of $201.23. The check was endorsed "J. Paulk." After cashing the check, Imogene, as Myra had done, wrote the license number of the car on the back of the check, which number also proved to be the license number of appellant's car. The Commonwealth proved the check to be one of those stolen and to be a forgery.

Appellant admitted that he presented the above checks for payment. He insisted that he did not know the name of the person who gave him the checks. He explained that he had been gambling with this unknown person and that he had assisted in cashing the checks in order to be paid his winnings.

Appellant contends that there is no such offense as aiding and abetting a forgery and, therefore, the trial court erred in not granting a directed verdict of acquittal. We find this argument to be without merit. We have long held that the principal, aiders, abettors, and accessories before the fact are parties in the first degree, are equally guilty, and may be so accused and convicted. When two or more persons unite to accomplish a criminal object and one aids and abets the other in the commission of the crime, the aider and abettor is responsible in law to the same extent as the one who actually commits the criminal act. Grapes v. Commonwealth, 202 Ky. 760, 261 S.W. 271 (1924); Whitis v. Commonwealth, 265 Ky. 799, 97 S.W.2d 789 (1936). It is obvious to us that the appellant was correctly and legally indicted as an aider and abettor to the crime of uttering a forged check, even though the principal was unknown and not in custody. Uttering a forged check is a felony, KRS 434.130(1), and under the evidence in this case the appellant was properly accused of a felony as an aider and abettor.

Appellant contends that the trial court erred in overruling his motion to discharge the jury after the Commonwealth's attorney, in his opening statement, had made an allegedly prejudicial statement. The opening statement by the Commonwealth, to which the appellant so strenuously objects, is not reviewable by this court as the statement does not appear in the record of the trial proceedings. It, therefore, is impossible for us to determine if the statement was prejudicial in nature. Kelley v. Commonwealth, Ky., 474 S.W.2d 63; Collins v. Commonwealth, Ky., 396 S.W.2d 318 (1965); and Moore v. Commonwealth, Ky., 384 S.W.2d 498 (1964). We do not find the questions by the Commonwealth or the rulings of the trial court on

objections to evidence made by the appellant to be prejudicial.

Appellant's final contention is that the verdict was not supported by the evidence. We are persuaded that the evidence amply supports the verdict. Jillson v. Commonwealth, Ky., 461 S.W.2d 542 (1970); Ewing v. Commonwealth, Ky., 390 S.W.2d 651 (1965).

The judgment is affirmed.

All concur.