87 F.3d 1315
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin R. BLACK, Petitioner-Appellant,
v.
Billy ASHLEY, Warden, Respondent-Appellee.
 No. 95-6184.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1996.
 
 1
 Before: NORRIS and DAUGHTREY, Circuit Judges; HILLMAN, District Judge.*
 
 ORDER
 
 2
 Kevin R. Black, a pro se Kentucky prisoner, moves for accelerated review on appeal from a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The respondent has filed a motion to require Black to pay the filing fee, and Black has responded. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In May of 1992, Black was paroled by the Kentucky Parole Board. He was at the time serving a sentence imposed by the Commonwealth of Kentucky. On October 8, 1992, Black was arrested by his parole officer and charged with violating his conditions of parole. Black was given a preliminary and final revocation hearing and his parole was revoked.
 
 
 4
 Black filed a petition for a writ of habeas corpus pursuant to Ky.Rev.Stat.Ann. § 419.020 in the Lyon Circuit Court. That petition was summarily denied. The Kentucky Court of Appeals affirmed the decision of the circuit court, and a motion for discretionary review was denied by the Supreme Court of Kentucky.
 
 
 5
 Thereafter, Black filed the present petition for a writ of habeas corpus in the District Court for the Western District of Kentucky challenging his parole revocation. The matter was referred to a magistrate judge who issued a report recommending that the petition be denied because Black failed to exhaust available state court remedies. Black objected and claimed that he had exhausted his state court remedies. He maintained that he properly presented his claims to the state courts and they had a fair opportunity to review his claims. After conducting a de novo review of the magistrate judge's report and recommendation in light of Black's objections, the district court concluded that Black had exhausted his state court remedies, rejected the magistrate judge's report and recommendation, and remanded the matter to the magistrate judge for consideration of the merits of Black's habeas corpus petition.
 
 
 6
 Thereafter, the respondent filed a motion for reconsideration, and Black filed a response. The district court granted the respondent's motion for reconsideration, vacated its prior order, and dismissed the habeas petition after concluding that Black had failed to exhaust his state court remedies. This timely appeal followed.
 
 
 7
 This court's review of a district court's refusal to grant a habeas petition is de novo. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, 114 S.Ct. 1867 (1994). Upon review, we conclude that the district court properly denied Black's petition for a writ of habeas corpus.
 
 
 8
 Black failed to exhaust his available state court remedies prior to seeking federal habeas corpus relief. State prisoners must first exhaust their available state court remedies before seeking habeas relief by fairly presenting all their claims to the state courts. 28 U.S.C. § 2254(b), (c); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994); Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994). Normally, the exhaustion requirement is satisfied after the petitioner fairly presents all his claims to the highest court in the state in which the petitioner was convicted, thus giving it a full and fair opportunity to rule on his claims before seeking relief in federal court. Rust, 17 F.3d at 160. The fair presentation requirement is not satisfied when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of its merits unlikely. Castille v. Peoples, 489 U.S. 346, 351 (1989).
 
 
 9
 Here, Black did not "fairly present" the substance of his claims because he did not follow the proper procedure for obtaining review of his claims. A state habeas corpus action was not the procedurally proper vehicle for securing review of Black's claims. See Shepherd v. Wingo, 471 S.W.2d 718, 719 (Ky.1971). Rather, if the Kentucky Parole Board should abuse its authority in rearresting a convict, the remedy is by proceeding in the circuit court of the proper county to obtain a writ of mandamus requiring the parole board to proceed properly. Id. Thus, because Black presented his claims in state court in a procedurally inappropriate manner that rendered consideration of the claims unlikely, he failed to satisfy the fair presentation requirement necessary for exhaustion.
 
 
 10
 Accordingly, the motion for accelerated review is denied, the motion to require Black to pay the filing fee is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation